UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

| | | |
|---|---|---|
| WILLIAM H. THOMAS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:13-CV-02987-JPM-cgc |
| | ) | |
| | ) | |
| JOHN SCHROER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

_____

**ORDER GRANTING IN PART MOTION TO COMPEL (D.E. 86)**
**ORDER GRANTING IN PART MOTION TO COMPEL REVIEW OF REQUESTED**
**DOCUMENTS (D.E. 87)**
_____

Before the Court, by way of Orders of Reference (D.E. # 106 and 107), are Plaintiff's Motion to Compel (D.E. # 86) and Motion to Compel Review of Requested Documents (D.E. # 87). Pursuant to written notice, the matter came on for hearing before the undersigned Magistrate Judge on June 29, 2015.

**I.      Background**

This case concerns alleged violations of Plaintiff William H. Thomas Jr.'s constitutional rights. Thomas alleges the Tennessee Department of Transportation (TDOT) violated his First, Fifth, and Fourteenth Amendment rights when it removed certain of Plaintiff's billboards and signs displaying noncommercial content pursuant to the Billboard Regulation and Control Act of 1972 ("Billboard Act"), as set forth at Tennessee Code Annotated §§ 54-21-101, et seq. Thomas

asserts that the billboards displaying noncommercial content are exempt from permitting pursuant to Tenn. Code Ann. § 54-21-107(a)(1) (2008)[1].

## II. Relevant law

The scope of interrogatories and requests for admission are defined by Fed. R. Civ. P. 26(b). *See*, Fed. R. Civ. P. 33(a)(2) and 36(a)(1). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. Fed. R. Civ. P. 26(b).

"Requests for admissions are not a general discovery device." *Misco, Inc. v. U.S. Steel Corp.*, 784 F.2d 198, 205 (6th Cir.1986). Rule 36's "proper use is as a means of avoiding the necessity of proving issues which the requesting party will doubtless be able to prove." *Khami v. Ortho–McNeil–Janssen Pharm., Inc.*, 2011 WL 996781 at *2 (E.D.Mich. Mar.17, 2011) (citing *Misco*, 784 F.2d at 205) (other citation omitted); *Erie Ins. Prop. & Cas. Co. v. Johnson*, 272 F.R.D. 177, 183 (S.D.W.Va.2010) ("Rule 36(a)'s primary purposes are 'to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be.' "). "Strictly speaking Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes its opponent to concede their genuineness." 8B Wright, Miller, & Marcus, Federal

---

[1] Case summary taken from the Order Granting Plaintiff's Motion for Emergency Temporary Restraining Order. (D.E. # 110)

2

Practice & Procedure, § 2253 (3d Ed.2010) (citing *Misco*, 784 F.2d at 205; other citations omitted).

### III. Motion to Compel (D.E. # 86)

Plaintiff identified several interrogatory responses and responses to requests for admission that he deemed inadequate and moved the court for an order compelling more complete responses. During the hearing, discussion began with responses to requests for admission 9, 70, 76, 77, 78, 79, and 109. These responses were unqualified denials[2] . Plaintiff argued that Fed. R. Civ. P. 36 requires an explanation for the denial. Defendants responded that there is no rule that requires an explanation as to a denial. Fed. R. Civ. P. 36. The court finds that the denials are sufficient and comply with Fed. R. Civ. P. 36(a)(4).

Plaintiff next identified responses to requests 10, 22, 30, 31, 32, 42, 43, 44, 45, 51, 53, 54, 55, 66, 67, 71, 97, 98, 99, 100, 101, 102, 103, 104, 110, 111, 112 and 113 as improper. After reviewing the requests and responses with the parties, the court finds that the response to request 33 is to be supplemented to address whether TDOT employees requested verification of distance, elevation and/or floodplain in billboard applications by TDOT engineers between 2011 and 2014; the responses to requests 43, 44, 45, 97, 98, 99 and 100 are to be supplemented to adequately address the complete substance of the matter stated in the requests; requests 10, 22, 30, 31, 42, 51, 53, 54, 55, 66, 67, 71, 102, 103, 104, 110, 111, 112 and 113 are outside the scope of permitted requests pursuant to Fed. R. Civ. P. 36(a)(1).

Plaintiff next identified the responses to interrogatories 1, 16, 17, 18, 19, 20, 21, 22, 23, and 24 as being incomplete and improper. After reviewing the interrogatories and responses

---

[2] Some of the responses were prefaced with "Without waiving the foregoing objection" The Court does not find this preface to be a substantive qualification.

with the parties, the court finds that the response to interrogatory 1 is to be supplemented to address the Kate Bond, Crossroad Ford and Steve Road locations; interrogatories 16, 17, 18, 19, 20, 22 and 23 are outside the scope of discovery; the response to interrogatory 21 is to be supplemented to address verification of distance, elevation and/or floodplain by TDOT employees related to permit B0971244 between 2011 and 2014.

Plaintiff next identified the responses to interrogatories 2, 3, 4, 5, 6, 11 and 15 as being incomplete, vague and/or cryptic. After reviewing the responses with the parties, the court finds that the supplemented response to interrogatory 1 should encompass the responses to interrogatories 2 and 3; interrogatories 4, 5, 6 and 11 are outside the scope of discovery; the response to interrogatory 15 is to be supplemented to answer the interrogatory.

All supplementations are to be served to Plaintiff on or before July 17, 2015.

### IV. Motion to Compel Review of Requested Documents (D.E. # 87)

At the hearing, the parties indicated that they had reached a tentative agreement on the issues raised in the Motion to Compel Review of Requested Documents. The parties are to conduct the review in accordance with the guidelines proposed by Defendants in their response to the Motion (D.E. # 90) with the following modifications:

- Plaintiff will be permitted to make copies of documents himself and will not be subject to the $35 per hour charge for TDOT personnel to make the copies

- Plaintiff will be charged a per page rate for copies that he makes. During the hearing there was some indication that there was disagreement regarding the

$0.15 per page proposed fee but it is expected that the parties will satisfactorily resolve this question among themselves.

IT IS SO ORDERED this 1st day of July, 2015.

                                              s/ Charmiane G. Claxton
                                              CHARMIANE G. CLAXTON
                                              UNITED STATES MAGISTRATE JUDGE