IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| WILLIAM H. THOMAS, JR.,<br>    Plaintiff,<br>v.<br>JOHN SCHROER, Commissioner of Tennessee Department of Transportation, in his official and individual capacity; and JOHN REINBOLD; PATTI BOWLAN; ROBERT SHELBY; SHAWN BIBLE; and CONNIE GILLIAM, in their individual capacities,<br>    Defendants. | No. 2:13-cv-02987-JPM-cgc |

**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Before the Court is Plaintiff Thomas's Motion for Partial Summary Judgment, filed August 21, 2015. (ECF No. 142.) On September 10, 2015, Defendants responded in opposition. (ECF No. 164.) Plaintiff filed a reply brief on October 2, 2015. (ECF No. 168.) The Court held a telephonic motion hearing on October 7, 2015. (Min. Entry, ECF No. 171.)

For the reasons set forth below, Plaintiff's Motion for Partial Summary Judgment is DENIED.

I.  **PROCEDURAL BACKGROUND**

On December 17, 2013, Plaintiff William H. Thomas, Jr. ("Plaintiff") filed a complaint against all Defendants. (ECF No. 1.) Plaintiff filed a second amended complaint on October

27, 2014. (ECF No. 45.) Plaintiff's second amended complaint included as a Defendant John Schroer in his official capacity as Commissioner of TDOT. (Id. at 1.) On October 28, 2014, Defendants filed a motion for partial dismissal of the second amended complaint. (ECF No. 46.) Plaintiff responded in opposition on November 28, 2014. (ECF No. 57.) Defendants filed a reply brief on December 15, 2014. (ECF No. 64.)

On June 10, 2015, Plaintiff filed an emergency motion for a temporary restraining order, seeking to prevent Defendants from removing his sign at the Crossroads Ford location. (ECF No. 96.) Plaintiff also sought to enjoin Defendants from seeking to execute any judgments resulting or associated with the Crossroads Ford Billboard sign until such time as a hearing can be held on the issues. (Id.) On June 15, 2015, Defendants filed a response in opposition. (ECF No. 99.) On June 24, 2015, the Court granted the temporary restraining order. (ECF No. 110.) The preliminary injunction was granted on September 8, 2015. (ECF No. 163.)

On August 14, 2015, Plaintiff filed a motion for temporary restraining order, seeking to prevent Defendants from pursuing a state court case in which Defendants sought the costs incurred to remove Plaintiff's billboard structures. (ECF No. 133.) Defendants responded in opposition on August 17, 2015. (ECF No. 135.) On the same day, a telephonic motion hearing was held.

(Min. Entry, ECF No. 136.) Defendants filed a supplemental response in opposition on August 27, 2015. (ECF No. 152.) On the same day, Plaintiff filed a brief, which concerned the retroactivity of a ruling of unconstitutionality of the Tennessee Billboard Regulation and Control Act of 1972 ("Billboard Act"), in support of the motion. (ECF No. 153.) The motion for temporary restraining order was denied on October 29, 2015. (ECF No. 175.)

On August 21, 2015, Plaintiff filed the instant motion for partial summary judgment. (ECF No. 142.) Defendants responded in opposition on September 10, 2015. (ECF No. 164.) Plaintiff filed a reply brief on October 2, 2015. (ECF No. 168.)

On the same day, the Court granted in part and denied in part Defendants' motion for partial dismissal of the second amended complaint. (ECF No. 170.)[1] On October 29, 2015, Plaintiff filed a motion for clarification and reconsideration. (ECF No. 176.) The Court denied Plaintiff's motion for clarification and reconsideration on March 30, 2016. (ECF No. 215.)

Also on October 2, 2015, Defendants filed a motion for summary judgment. (ECF No. 166.) Defendants' motion for summary judgment remains pending.

---

[1] The Court's October 2, 2015, order amended the Court's earlier order, entered September 14, 2015, granting in part and denying in part Defendants' motion for partial dismissal of the second amended complaint (ECF No. 165).

3

## II. UNDISPUTED MATERIAL FACTS

The Court's October 2, 2015, order granting in part and denying in part Defendants' motion to dismiss provides a summary of the factual background of this case. (See ECF No. 170 at 4-8.) As a result of that order, the Court's October 29, 2015, order denying Plaintiff's motion for temporary restraining order (ECF No. 175), and the Court's March 30, 2016, order denying Plaintiff's motion for reconsideration (ECF No. 215), the claims that remain are: Plaintiff's equal protection claim as to the Crossroads Ford location; Plaintiff's equal protection claim as to Planned Unit Developments ("PUDs"); Plaintiff's claim for injunctive relief as to Crossroads Ford; and Plaintiff's request for a declaration that the Billboard Act is unconstitutional. (See Second Am. Compl., ECF No. 45; ECF No. 170; ECF No. 175.) The instant motion for summary judgment does not address the Crossroads Ford property. The following material facts are undisputed for the purposes of the instant motion.

Plaintiff owns several tracts of real property in Tennessee, on which he has sometimes used outdoor advertising signs to display noncommercial messages. (Statement of Undisputed Facts ("SUF") ¶¶ 1-2, ECF No. 142-4; Answer to Undisputed Facts ("Answer to SUF") ¶¶ 1-2, ECF No. 164-1.) On October 13, 2006, Plaintiff applied for "two back-to-back outdoor advertising devices" at two locations on Plaintiff's

"Steve Road" properties. (SUF ¶ 27-28; Answer to SUF ¶ 27-28.) On November 17, 2006, Plaintiff was notified that "his applications were denied for failure to meet the statutory comprehensive zoning requirements in T.C.A. [§] 54-21-103(4) and Rule 1680-2-3-.03(1)(a)1 of the Rules and Regulations for the Control of Outdoor Advertising." (SUF ¶ 29; Answer to SUF ¶ 29.) While Defendants deny that the Steve Road properties are in the Planned Development ("PD") asserted by Plaintiff, Defendants admit that the City of Memphis has adopted the disputed Planned Development, which "specifically envision[s] billboards." (SUF ¶¶ 28, 32-35; Answer to SUF ¶¶ 28, 32-35.)

**III. LEGAL STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC, 758 F.3d 777, 781 (6th Cir. 2014) (per curiam). "A genuine dispute of material fact exists if 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" Am. Copper & Brass, Inc. v. Lake City Indus. Prods., Inc., 757 F.3d 540, 543-44 (6th Cir. 2014) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)).

5

"The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact." Mosholder v. Barnhardt, 679 F.3d 443, 448 (6th Cir. 2012) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "In considering a motion for summary judgment, [the] court construes all reasonable inferences in favor of the nonmoving party." Robertson v. Lucas, 753 F.3d 606, 614 (6th Cir. 2014) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

"Once the moving party satisfies its initial burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact." Mosholder, 679 F.3d at 448-49 (citing Matsushita, 475 U.S. at 587; Fed. R. Civ. P. 56(e)). "When the non-moving party fails to make a sufficient showing of an essential element of his case on which he bears the burden of proof, the moving parties are entitled to judgment as a matter of law and summary judgment is proper." Martinez v. Cracker Barrel Old Country Store, Inc., 703 F.3d 911, 914 (6th Cir. 2013) (quoting Chapman v. UAW Local 1005, 670 F.3d 677, 680 (6th Cir. 2012) (en banc)).

> To show that a fact is, or is not, genuinely disputed, both parties are required to either "cite[] to particular parts of materials in the record" or "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

6

Bruederle v. Louisville Metro Gov't, 687 F.3d 771, 776 (6th Cir. 2012) (alterations in original) (quoting Fed. R. Civ. P. 56(c)(1)), cert. denied, 133 S. Ct. 866 (2013).

"The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3); see also Pharos Capital Partners, L.P. v. Deloitte & Touche, 535 F. App'x 522, 523 (6th Cir. 2013) (per curiam) (acknowledging that the district court has no duty to search entire record to establish grounds for summary judgment).

**IV. ANALYSIS**

    **A. Plaintiff's Steve Road Property**

As an initial matter, the Court determines that Plaintiff's Steve Road "claim," see infra Part IV.A.2, is neither barred by the Rooker-Feldman doctrine nor barred as a new claim raised at the summary judgment stage.

    **1. The Rooker-Feldman Doctrine**

The Court determines that the Rooker-Feldman doctrine does not bar Plaintiff from raising the issue of the Steve Road billboards insofar as the issue relates to Plaintiff's equal protection claim and is not the same as the one raised and decided in state court. See Brown v. First Nationwide Mortg. Corp., 206 F. App'x 436, 439 (6th Cir. 2006) ("Federal jurisdiction is proper if a federal plaintiff presents an independent claim, 'albeit one that denies a legal conclusion

7

that a state court has reached in a case to which he was a party.'" (quoting GASH Assocs. v. Vill. of Rosemont, Ill., 995 F.2d 726, 728 (7th Cir. 1993))). The United States Supreme Court has held that it has exclusive jurisdiction over appeals from final judgments in state courts. Lance v. Dennis, 546 U.S. 459, 463 (2006) (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983)). The so-called "Rooker-Feldman doctrine," however, "applies only in 'limited circumstances,' where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." Id. at 466 (citation omitted) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005)).

While Defendants assert that the Rooker-Feldman doctrine bars Plaintiff from, "in essence[,] asking this Court to review the Steve Road decision," since there was a final state court judgment (see ECF No. 164 at 18), the issue Plaintiff appears to raise in this litigation is separate from the one decided in Thomas v. Tennessee Department of Transportation ("Thomas v. TDOT"), No. M2012-01936-COA-R3-CV, 2013 WL 4068178 (Tenn. Ct. App. Aug. 12, 2013). In Thomas v. TDOT, the Tennessee Court of Appeals affirmed the trial court's conclusion that, "because the Commissioner of TDOT has the responsibility to carry out the provisions of the Federal Highway Beautification Act, the billboard construction permits could not be issued." 2013 WL

4068178, at *8 (citation omitted). Accordingly, Plaintiff's applications for the Steve Road billboards were properly denied. Id. at *9. Although the Rooker-Feldman doctrine prevents Plaintiff from appealing or effectively appealing the denial of his Steve Road applications in any court but the Supreme Court, Plaintiff is not barred from raising a separate equal protection claim as to the denial, which he has done in this case (see Second Am. Compl. ¶¶ 43-47, 89-91, ECF No. 45; see also ECF No. 168 at 4-5). See Brown, 206 F. App'x at 439.

### 2. New Claim in Motion for Summary Judgment

Defendants also assert that Plaintiff did not raise the Steve Road claim in his second amended complaint. (ECF No. 164 at 18.) As stated above, however, Plaintiff is not re-litigating the Steve Road claim he raised in state court. It does not appear, in fact, that Plaintiff is raising a new claim with regard to Steve Road. Rather, Plaintiff's assertions related to the Steve Road billboards appear to be facts related to his equal protection claim. (See Second Am. Compl. ¶ 47 ("Defendants have refused to issue Mr. Thomas permits for outdoor advertising displays on property designated as a PUD in Shelby County.").)

Although Plaintiff does not explicitly reference the Steve Road billboards in the complaint, the Steve Road issue cannot be considered a new one that "subject[s] [D]efendants to unfair

9

surprise."  Tucker v. Union of Needletrades, Indus., & Textile Emps., 407 F.3d 784, 788 (6th Cir. 2005) (holding that, when defendants do not receive notice of new claims during discovery, such claims cannot be raised at the summary judgment stage).  In this case, Defendants had notice from the complaint that their denials of Plaintiff's applications for billboards on alleged PUDs, which would include the Steve Road applications, would be at issue.  Further, Defendants challenged Plaintiff's equal protection claim as to PUDs in its memorandum in support of its motion to dismiss on October 28, 2014, and made explicit reference to Thomas v. TDOT, which it filed as an exhibit designated "Steve Road Court of Appeals."  (ECF No. 47 at 16; see also ECF No 46-5.)  Defendants also questioned Plaintiff about the Steve Road property during Plaintiff's deposition on November 11, 2014.  (See, e.g., Thomas Dep. 86:14-16, 88:9-14, ECF No. 164-3.)  Thus, even if Plaintiff were raising a new Steve Road claim, it would appear from Defendants' conduct that there was a constructive amendment of the complaint.  See Stemler v. City of Florence, 126 F.3d 856, 872 (6th Cir. 1997) ("It is well-settled that the parties may constructively amend the complaint by agreeing, even implicitly, to litigate fully an issue not raised in the original pleadings.").

### 3. Summary Judgment

Plaintiff asserts that Defendants have treated him differently from similarly-situated sign owners by denying his applications for billboards on property zoned as Planned Unit Developments ("PUDs"). (See, e.g., Second Am. Compl. ¶¶ 43-47, 89-91, ECF No. 45.) "The Equal Protection Clause prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or <u>intentionally treats one differently than others similarly situated without any rational basis for the difference</u>." Rondigo, L.L.C. v. Twp. of Richmond, 641 F3d 673, 681-82 (6th Cir. 2011) (emphasis added).

Plaintiff fails to identify facts in his Statement of Undisputed Facts, and fails to cite to any facts in the record in his memorandum in support of his contention that he has been treated differently from similarly-situated individuals with respect to his billboard applications in PUDs. Defendants, in response to Plaintiff's request for admissions, note that on one occasion over twenty years ago, a former TDOT Commissioner "issued a billboard permit on a tract of land that had a Planned Development overlay" (Defendants' Resp. to Request for Admis. at PageID 1247, ECF No. 86-2), but Plaintiff fails to provide facts to support that he is similarly situated to the earlier applicant. (See Thomas Dep. 86:1-19 ("I don't recall whether there's been anywhere the zoning was changed through a PUD [like

11

that in the case of Steve Road].").) Thus, Plaintiff has failed to meet his burden to demonstrate the absence of a dispute of material fact on this issue.

Even if Plaintiff could demonstrate different treatment, he would not be entitled to summary judgment because there are disputed issues of material fact as to TDOT's policies. While Plaintiff asserts that "TDOT refuses to recognize and issue permits for signs that are applied for on property that has been designated a Commercial Planned Development by . . . the Memphis City Council" (SUF ¶ 37), he does not provide factual support for the assertion. The assertion is also denied by Defendants (Answer to SUF ¶ 37; see also Defendants' Resp. to Request for Admis. at PageID 1247 (noting that "[p]ermit applications are reviewed on a case-by-case basis").) Plaintiff also asserts that Defendants have "tak[en] the position that they will never recognize a Planned Development nor will they ever grant a billboard permit in a planned development unless the underlying zoning is commercial." (ECF No. 142-1 at 42 (citing Defendants' Resp. to Interrogs., ECF No. 86-1; Defendants' Resp. to Request for Admis., ECF No. 86-2).) Defendants, however, assert a different position: "it is the legal position of TDOT, and has been for many years, that TDOT will not issue a billboard permit within a Planned Development unless the underlying zoning allows

for such billboard." (Defendants' Resp. to Interrogs. at PageID 1236, ECF No. 86-1 (emphasis added).)

Accordingly, on Plaintiff's equal protection claim as to PUDs, Plaintiff's Motion for Partial Summary Judgment is DENIED.

**B.  Tennessee Billboard Act**

Since Plaintiff's Motion for Partial Summary Judgment does not address the Crossroads Ford location, and the Court has denied summary judgment on the equal protection claim as to PUDs, see supra Part IV.A, the only remaining claim for summary judgment is Plaintiff's request for a declaration that the Billboard Act is unconstitutional.  The Court has found that the Billboard Act is likely content-based in light of Reed v. Town of Gilbert, Arizona, 135 S. Ct. 2218 (2015).  (See ECF No. 163 at 6-12.)  While the Court has also found that the Billboard Act is unlikely to survive strict scrutiny (see id. at 12-17), Plaintiff is not entitled to summary judgment because there are disputed issues of material fact as to whether the governmental interests asserted by Defendants are compelling.[2]

Plaintiff argues that Defendants' safety interest in regulating signs is not compelling, even if it may be

---

[2] Although the constitutionality of the Billboard Act is a question of law for the Court to decide, a jury may make factual determinations as to compelling interests and narrow tailoring.  See Petit v. City of Chicago, 219 F. Supp. 2d 917, 918-20 (N.D. Ill. 2002) (mem.) (citing Majeske v. City of Chicago, 218 F.3d 816 (7th Cir. 2000)) ("Majeske [] only requires that the court make the legal determination of whether the evidence before the jury was sufficient to support the jury's determinations as to compelling interests and narrow tailoring.").

13

significant or substantial. (ECF No. 142-1 at 25.) Plaintiff cites to case law that is persuasive, not precedential. (See id. (citing Eighth, Ninth, and Eleventh Circuit cases).) Defendants argue that distracted driving is the leading cause of crashes and near collisions, a significant problem that the Billboard Act attempts to address by regulating signs. (Defendants' Statement of Additional Facts ¶ 23-28, ECF No. 164-2.) Defendants assert that the average driver is "involved in a hazardous situation every two hours, and ha[s] a collision once every six years." (Id. ¶ 23.) Thus, there is a genuine dispute as to whether the traffic safety interest is compelling.

Defendants also assert that the government interests of protecting highways, promoting aesthetics, and retaining federal funding for compliance with the Highway Beautification Act ("HBA") are compelling. (ECF No. 164 at 11-12.) Plaintiff fails to identify facts to support his argument that these interests are not compelling (see ECF No. 142-1 at 25; see also ECF No. 130 (offering no facts to contradict Defendants' argument that "the Federal Highway Administration's position [is] that the [HBA] is still a valid law and states are to enforce it or risk the loss of Federal funding" (ECF No. 127 at 1632))), and consequently cannot meet his burden for summary judgment on this issue.

As the Court must view the evidence in the light most favorable to Defendants, the non-moving party, see Robertson, 753 F.3d at 614, the Court finds that there is a genuine dispute of material fact as to whether the government interests achieved by the Billboard Act are compelling.

Accordingly, on Plaintiff's claim as to the unconstitutionality of the Billboard Act, the Motion for Partial Summary Judgment is DENIED.

**V. CONCLUSION**

For the reasons stated above, Plaintiff's Motion for Partial Summary Judgment (ECF No. 142) is DENIED.

**IT IS SO ORDERED,** this 30th day of March, 2016.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE