IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **WILLIAM H. THOMAS, JR.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | No. 13-2987-JPM-cgc |
| ) | |
| **JOHN SCHROER,** Commissioner of Tennessee ) | |
| Department of Transportation, in his individual ) | |
| capacity; and **JOHN REINBOLD; PATTI** ) | |
| **BOWLAN; ROBERT SHELBY; SHAWN** ) | |
| **BIBLE;** and **CONNIE GILLIAM,** in their ) | |
| individual capacities, ) | |
| ) | |
| **Defendants.** ) | |

_____

**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**
_____

Before the Court is Plaintiff William H. Thomas, Jr.'s Motion for Temporary Restraining Order (ECF No. 219) filed on April 15, 2016. For the reasons set forth below, the Motion is **DENIED**.

**BACKGROUND**

The Court has set out the factual background of this case in previous orders and need not recite the full procedural history of this matter here. Briefly, Plaintiff owns and erects billboard signs along Interstate 40 at various locations found in the Western District of Tennessee. The Tennessee Department of Transportation ("TDOT") has denied Plaintiff permits to erect certain billboards and/or has removed billboards erected by Plaintiff without a permit. On December 17, 2013, Plaintiff filed suit against several TDOT officials in federal court alleging the violation of

1

his constitutional rights pursuant to 42 U.S.C. § 1983. Since filing his federal suit, Plaintiff has sought injunctive relief on several occasions to halt parallel proceedings related to Plaintiff's ongoing dispute with TDOT over billboard permits. Most recently, the Court denied Plaintiff a temporary restraining order to enjoin TDOT from prosecuting a suit against Plaintiff in the Chancery Court of Davidson County, Tennessee, case number 14-306-I, to recoup the cost of removing Plaintiff's billboards.[1]

In the Motion now before the Court, Plaintiff again requests a temporary restraining order, this time to enjoin the Chancery Court of Davidson County, Tennessee from holding a final hearing on Plaintiff's petition for judicial review, case number 15-210-III. Plaintiff's petition before the Chancery Court seeks review of TDOT's administrative denial of two billboard permits along Interstate 40 in Shelby County, Tennessee. Plaintiff specifically challenges (1) the administrative law judge's ("ALJ") dismissal of his contested case against TDOT as a discovery sanction under Tennessee Rule of Civil Procedure 37[2] and (2) the constitutionality of the Tennessee Billboard Act. Plaintiff filed a motion with the Chancery Court to sever the two issues and take up as an initial matter the constitutionality of the Tennessee Billboard Act. On March 9, 2016, the Chancery Court denied Plaintiff's motion for a preliminary hearing to address only the constitutional issues. Plaintiff has attached a copy of the Chancery Court's memorandum and order (ECF No. 219-1, Page ID 4017-4020) to his Motion

---

[1] Order Denying Pl.'s Mot. for Temp. Restraining Order Oct. 29, 2015 (ECF No. 175).

[2] The ALJ acted pursuant to Tennessee Rule of Civil Procedure 37 and dismissed Plaintiff's contested case at the administrative level due to Plaintiff's "dilatory and contumacious conduct throughout the pendency" of the case. *Id.* at 1.

for Restraining Order.  According to the order, the Chancery Court reasoned that the threshold issue presented was whether the ALJ's sanction of dismissal was warranted and that the constitutional issues need only be addressed if the ALJ's dismissal is reversed.  The Chancery Court therefore denied the motion for a preliminary hearing on the constitutional issues and set the final hearing on Plaintiff's petition for April 21, 2016.

Plaintiff now seeks a temporary restraining order from this Court to enjoin the Davidson County Chancery Court from holding the final hearing on his petition on April 21, 2016.  The thrust of Plaintiff's argument is that TDOT employs agency counsel to represent the department's interests in the administrative hearings and that counsel from the same office then advise the Commissioner and assist in the preparation of his orders reviewing the decisions of the ALJs.  Plaintiff contends that this structure violates due process and his rights to equal protection.  Plaintiff also raises a number of objections and criticisms of the Chancery Court's treatment of his petition, questioning the Chancery Court's jurisdiction and faulting the chancellor for not considering all of Plaintiff's submissions to that court and for not granting Plaintiff a hearing on his motion for preliminary hearing.  As far as this Court's authority and jurisdiction to grant injunctive relief, Plaintiff argues that *Younger* abstention does not apply.  In particular Plaintiff denies that he will have the opportunity to raise his constitutional claims in the proceedings before the Davidson County Chancery Court.  Furthermore, Plaintiff believes that he has satisfied all of the other factors for injunctive relief, including a likelihood of success on the merits.  Therefore, the Court should enter a temporary restraining order to enjoin the Chancery Court from proceeding to a final hearing in case number 15-210-III on April 21, 2016.

Defendants filed a response in opposition on April 19, 2016.  Defendants argue that all of

the factors for *Younger* abstention are met in this case, Plaintiff's arguments to the contrary notwithstanding. Plaintiff will have the opportunity to raise his constitutional claims with the Chancery Court, if Plaintiff can show that the dismissal of his contested case was reversible error. Additionally, this Court should decline to enjoin that state court action under the Anti-Injunction Act. Therefore, the Court should deny Plaintiff's Motion for Temporary Restraining Order.

## ANALYSIS

Before reaching the merits of Plaintiff's request for injunctive relief, the Court first considers whether abstention under *Younger v. Harris*, 401 U.S. 37, 41 (1971) is warranted. As the presiding judge noted in a previous order in this case, *Younger* abstention can apply in this civil enforcement proceedings such as this one.[3] "A district court may abstain under the *Younger* doctrine if three conditions exist: there are state proceedings that are (1) currently pending; (2) involve an important state interest; and (3) will provide the federal plaintiff with an adequate opportunity to raise his or her constitutional claims."[4] Plaintiff concedes that the first two elements under *Younger* are satisfied here. A state proceeding is currently pending before the Davidson County Chancery Court and involves an important state interest. Plaintiff argues, however, that his petition for judicial review before the Chancery Court will not provide him with an adequate opportunity to raise his federal constitutional claims.

---

[3] Order Denying Pl.'s Mot. to TRO 5, Oct. 29, 1975 (ECF No. 175) (citing *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 592 (2013)).

[4] *Nimer v. Litchfield Twp. Bd. of Trs.*, 707 F.3d 699, 701 (6th Cir. 2013).

4

But this is only potentially the case if the chancellor declines to reach the issues during the April 21 hearing. The Sixth Circuit has held that "the third element of *Younger* is satisfied where the constitutional claims can be heard during state court judicial review of the administrative proceedings."[5] And under Tennessee, "judicial review under Tennessee's Uniform Administrative Procedures Act satisfies the third element of the *Younger* analysis because it provides sufficient opportunity to litigate constitutional claims."[6] As is clear from the Chancery Court's recent order denying Plaintiff a preliminary hearing on the constitutional issues, Plaintiff has raised his claims in state court. Although Plaintiff now asserts "the Chancery Court of Davidson County has decided it would not consider Plaintiff's constitutional and due process challenges,"[7] Plaintiff's characterization is incomplete. The Chancery Court merely held that it would not treat the constitutional issues preliminarily to the other issue raised in Plaintiff's petition for judicial review, the dismissal of administrative contested case as a discovery sanction. Under the circumstances, the Court cannot find that Plaintiff is foreclosed from "an adequate opportunity to raise the issues in state court." Therefore, the Court concludes that the third *Younger* factor is satisfied, and abstention is appropriate. Plaintiff's Motion for Temporary Restraining Order is **DENIED**.

## CONCLUSION

The Court holds that Younger abstention is appropriate in this case. Therefore, Plaintiff's

---

[5] *GTE Mobilnet of Ohio v. Johnson*, 111 F.3d 469, 482 (6th Cir. 1997).

[6] *Federal Exp. Corp. v. Tenn. Public Service Com'n*, 925 F.2d 962, 970 (6th Cir. 1991) (citing *Watts v. Burkhart,* 854 F.2d 839, 847–48 (6th Cir. 1988)).

[7] Pl.'s Mot. for Temp. Restraining Order 6.

5

Motion for Temporary Restraining Order is **DENIED**.

**IT IS SO ORDERED.**

                **s/ S. Thomas Anderson**
                S. THOMAS ANDERSON
                UNITED STATES DISTRICT JUDGE

                Date: April 19, 2016