```
IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF TENNESSEE
              WESTERN DIVISION
```

| | |
|---|---|
| WILLIAM H. THOMAS, JR., <br><br>    Plaintiff, <br><br>v. <br><br>JOHN SCHROER, Commissioner of Tennessee Department of Transportation, in his official and individual capacity; and JOHN REINBOLD; PATTI BOWLAN; ROBERT SHELBY; SHAWN BIBLE; and CONNIE GILLIAM, in their individual capacities, <br><br>    Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 2:13-cv-02987-JPM-cgc <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendants' Motion for Summary Judgment, filed October 2, 2015. (ECF No. 166.) On January 6, 2016, Plaintiff responded in opposition. (ECF No. 204.)[1]

---

[1] Plaintiff responded initially on December 17, 2015 (ECF No. 197), and filed a response to Defendants' statement of undisputed material facts (ECF No. 198). Plaintiff filed a contemporaneous motion for leave to exceed page limitation because his response was 110 pages long. (ECF No. 196.) Defendants responded in opposition to the motion for leave to exceed page limitation on the same day. (ECF No. 199.) On December 18, 2015, Defendants also filed a motion to strike Plaintiff's response to the motion for summary judgment and Plaintiff's response to the statement of undisputed material facts. (ECF No. 200.) Plaintiff responded in opposition to the motion to strike on the same day. (ECF No. 202.) On December 28, 2015, the Court granted in part and denied in part Plaintiff's motion for leave to exceed page limitation and permitted Plaintiff to refile a response limited to thirty-five pages in length within ten days of the order. (See ECF No. 203.) In the same order, the Court granted Defendants' motion to strike Plaintiff's 110-page response but denied Defendants' motion to strike Plaintiff's response to Defendants' statement of undisputed material facts. (See id. at 3 & n.1.)

Defendants filed a reply brief on January 19, 2016. (ECF No. 207.)

For the reasons set forth below, Defendants' Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART.

## I. PROCEDURAL BACKGROUND

The relevant procedural history up to and including March 30, 2016, is provided in the Court's order denying Plaintiff's motion for partial summary judgment. (ECF No. 216 at 1-3.)

On April 4, 2016, the Court granted Plaintiff's motion for hearing (ECF No. 210). (ECF No. 217.) A telephonic status conference is set for Friday, May 20, 2016. (ECF No. 225.)

On April 15, 2016, Plaintiff filed a motion for a temporary restraining order. (ECF No. 219.) Defendants responded in opposition on April 19, 2016. (ECF No. 221.) The motion was denied on the same day. (ECF No. 222.)

On May 6, 2016, Plaintiff filed a motion for a preliminary injunction. (ECF No. 227.) The motion remains pending before the Court.

## II. UNDISPUTED MATERIAL FACTS

The Court's October 2, 2015, order granting in part and denying in part Defendants' motion to dismiss provides a summary of the factual background of this case. (See ECF No. 170 at

4-8.) As a result of that order and several other orders,[2] the claims that remain are: Plaintiff's equal protection claim as to the Crossroads Ford location; Plaintiff's equal protection claim as to Planned Unit Developments ("PUDs"); Plaintiff's request for a declaration that the Billboard Act is unconstitutional; and Plaintiff's claim for injunctive relief as to Crossroads Ford. (See Second Am. Compl., ECF No. 45; ECF No. 170; ECF No. 175; see also ECF No. 216 at 4.) The following material facts are undisputed for the purposes of the instant motion.

Plaintiff owns several tracts of real property in West Tennessee, on which he has placed billboards. (Statement of Undisputed Facts ("SUF") ¶ 2, ECF No. 166-1; Resp. to Undisputed Facts ("Resp. to SUF") ¶ 2, ECF No. 198.)

**A. Crossroads Ford**

Plaintiff's permit application for a billboard at the Crossroads Ford property was denied in 2006 because the proposed billboard was less than 1,000 feet from the billboard of a competitor. (State ex rel. Comm'r of Dep't of Transp. v. Thomas, 336 S.W.3d 588, 592 (Tenn. Ct. App. 2010); SUF ¶ 5; Resp. to SUF ¶ 5.) An administrative law judge denied

---

[2] The relevant orders are the Court's October 29, 2015, order denying Plaintiff's motion for temporary restraining order (ECF No. 175) and the Court's March 30, 2016, order denying Plaintiff's motion for reconsideration (ECF No. 215). The Court considered two of the remaining issues which were raised in Plaintiff's motion for partial summary judgment, but denied the relief requested. (See ECF No. 216.)

Plaintiff's appeal on or about November 27, 2006,[3] but Plaintiff began construction on the billboard in early 2007. (Thomas, 336 S.W.3d at 592; SUF ¶¶ 6-7; Resp. to SUF ¶¶ 6-7.) Consequently, the Tennessee Department of Transportation ("TDOT") initiated an enforcement action in March 2007. (Thomas, 336 S.W.3d at 593; SUF ¶ 8; Resp. to SUF ¶ 8.) Besides Plaintiff's billboard, the Crossroads Ford property has only trees. (Thomas Dep. 146:11-13, ECF No. 166-4; SUF ¶ 10; Resp. to SUF ¶ 10.) Plaintiff asserts that he has displayed only non-commercial messages on the billboard since May 2012. (SUF ¶ 9; Resp. to SUF ¶ 9.) Plaintiff also asserts that four billboards[4] are similarly situated to the Crossroads Ford billboard. (Thomas Dep. 105:6-12, ECF No. 166-4; SUF ¶ 14; Resp. to SUF ¶ 14.) Three of the asserted billboards advertise businesses that are on the premises. (SUF ¶ 15; Resp. to SUF ¶ 15.)

**B. Planned Unit Developments ("PUDs")**

Plaintiff planned to build billboards on two PUD sites, Steve Road and Kate Bond. (Thomas Dep. 86:10-13; SUF ¶ 17; Resp. to SUF ¶ 17.) Plaintiff asserts that there are similarly situated billboards on PUD sites for which permits were granted

---

[3] While the Thomas opinion states that the administrative law judge ruled on November 27, 2006, that Thomas was not entitled to a permit, 336 S.W.3d at 592, Defendants' Statement of Undisputed Facts and Plaintiff's Response to the Statement of Undisputed Facts indicate that the judge ruled on November 26, 2006 (SUF ¶ 6; Resp. to SUF ¶ 6).

[4] These billboards are: one Southern Millworks billboard; two Jackson billboards, and one Valero Refinery billboard. (Thomas Dep. 105:13-18; Bible Aff. ¶ 2, ECF No. 166-2; SUF ¶ 14; Resp. to SUF ¶ 14.)

by the TDOT Commissioner, but that his permit was not granted. (SUF ¶ 18; Resp. to SUF ¶ 18.) TDOT Commissioner Johnson granted permits[5] on a PUD site in October 1993. (Bible Aff. ¶ 5 at PageID 2604, ECF No. 166-2; SUF ¶ 20; Resp. to SUF ¶ 20.) Plaintiff's Steve Road application was filed on October 13, 2006, and denied on November 17, 2006. (Thomas v. Tenn. Dep't of Transp. ("Thomas v. TDOT"), No. M2012-01936-COA-R3-CV, 2013 WL 4068178, at *1-2 (Tenn. Ct. App. Aug. 12, 2013); SUF ¶¶ 23-24; Resp. to SUF ¶¶ 23-24.) On August 12, 2013, the Tennessee Court of Appeals found that the denial was proper. (Thomas v. TDOT, 2013 WL 4068178, at *9; SUF ¶ 25; Resp. to SUF ¶ 25.) The permits for the Kate Bond billboard were denied on April 29, 2005. (Bible Aff. ¶ 4, ECF No. 166-2; SUF ¶ 27; Resp. to SUF ¶ 27.)

**C. Tennessee Billboard Act**

The Tennessee Billboard Act ("Billboard Act") is meant "to protect the public investment in such highways, to promote the safety and recreational value of public travel and to preserve natural beauty" of the highways. (Exs. B, C, Bible Aff., ECF No. 166-2; SUF ¶ 33; Resp. to SUF ¶ 33.) TDOT must enforce the

---

[5] Plaintiff does not dispute that Defendant Shawn Bible testified to this fact in her affidavit. (Resp. to SUF ¶ 20; see also Bible Aff. ¶ 5 at PageID 2604, ECF No. 166-2.) While Plaintiff states that he "does not admit the truthfulness of" this fact (Resp. to SUF ¶ 20), the Court has no reason not to accept this fact as undisputed. See Fed. R. Civ. P. 56(c)(1); Fed. R. Civ. P. 56(e)(2).

5

Billboard Act or risk losing over $80 million[6] annually in federal funds. (Prelim. Inj. Hr'g Tr. 16:10-17:17, 20:14-25, ECF No. 150; SUF ¶¶ 34, 36; Resp. to SUF ¶¶ 34, 36.) The Federal Highway Administration is compelling Tennessee to continue to enforce the Billboard Act despite the Supreme Court's decision in Reed v. Town of Gilbert, 135 S. Ct. 2218 (2015). (Bible Aff. ¶ 2, ECF No. 127; SUF ¶ 40; Resp. to SUF ¶ 40.) Looking at off-road objects such as billboards can contribute to distracted driving. (SUF ¶¶ 45-46; Resp. to SUF ¶¶ 45-46.)

**III. LEGAL STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC, 758 F.3d 777, 781 (6th Cir. 2014) (per curiam). "A genuine dispute of material fact exists if 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" Am. Copper & Brass, Inc. v. Lake City Indus. Prods., Inc., 757 F.3d 540, 543-44 (6th Cir.

---

[6] Plaintiff does not dispute that Paul Deggess of TDOT testified to this fact at a preliminary injunction hearing on July 14, 2015 (Resp. to SUF ¶¶ 34, 36). Plaintiff states that he "cannot admit or deny [the] truthfulness" of the statement that $80 million would be at risk. (Resp. to SUF ¶ 36). The Court has no reason not to accept this fact as undisputed. See Fed. R. Civ. P. 56(c)(1); Fed. R. Civ. P. 56(e)(2).

6

2014) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)).

"The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact." Mosholder v. Barnhardt, 679 F.3d 443, 448 (6th Cir. 2012) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "In considering a motion for summary judgment, [the] court construes all reasonable inferences in favor of the nonmoving party." Robertson v. Lucas, 753 F.3d 606, 614 (6th Cir. 2014) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

"Once the moving party satisfies its initial burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact." Mosholder, 679 F.3d at 448-49 (citing Matsushita, 475 U.S. at 587; Fed. R. Civ. P. 56(e)). "When the non-moving party fails to make a sufficient showing of an essential element of his case on which he bears the burden of proof, the moving parties are entitled to judgment as a matter of law and summary judgment is proper." Martinez v. Cracker Barrel Old Country Store, Inc., 703 F.3d 911, 914 (6th Cir. 2013) (quoting Chapman v. UAW Local 1005, 670 F.3d 677, 680 (6th Cir. 2012) (en banc)).

> To show that a fact is, or is not, genuinely disputed, both parties are required to either "cite[] to particular parts of materials in the record" or

> "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

Bruederle v. Louisville Metro Gov't, 687 F.3d 771, 776 (6th Cir. 2012) (alterations in original) (quoting Fed. R. Civ. P. 56(c)(1)), cert. denied, 133 S. Ct. 866 (2013).

"The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3); see also Pharos Capital Partners, L.P. v. Deloitte & Touche, 535 F. App'x 522, 523 (6th Cir. 2013) (per curiam) (acknowledging that the district court has no duty to search entire record to establish grounds for summary judgment).

## IV. ANALYSIS

### A. Timeliness of the Claims

Defendants assert that claims related to the Crossroads Ford enforcement action and to the PUDs are time-barred because Plaintiff failed to file this action within the relevant statute of limitations. (ECF No. 167 at 18-19.) Defendants assert, and Plaintiff does not dispute, that the statute of limitations is one year pursuant to section 28-3-104(a)(1) of the Tennessee Code. (Id.; ECF No. 204 at 13-14.) Since the Crossroads Ford enforcement action was initiated in 2007; the Steve Road permits were denied in 2006; and the Kate Bond permits were denied in 2005, Defendants argue that the instant suit, brought by

8

Plaintiff in December 2013, was filed after the one-year statute of limitations had expired for each of the three claims. (ECF No. 167 at 19.) Plaintiff in his response does not address the timeliness of his Steve Road or Kate Bond PUD claims. (See ECF No. 204 at 13-14.) Plaintiff argues, however, that the Crossroads Ford enforcement action initiated in 2007 is not the relevant event from which the statute of limitations begins to run. (Id. at 14.) Plaintiff argues that his Crossroads Ford enforcement action claim only arose in May 2015, when he received a letter from TDOT stating that the Crossroads Ford billboard structure must be removed by June 26, 2015. (Id.; see ECF No. 204-2 at PageID 3841.) The Court finds that all three of the above claims are time-barred and grants summary judgment to Defendants.

First, there is no dispute as to the dates on which the statute of limitations began to run with respect to the Steve Road or Kate Bond PUD claims. The permits for Steve Road and Kate Bond were denied in 2006 and 2005, respectively, but the instant suit was not filed until 2013. Thus, the one-year statute of limitations had already expired for both the Steve Road and Kate Bond PUD claims when the suit was filed. Defendants are entitled to summary judgment as to these claims.

Second, Plaintiff's argument that his Crossroads Ford action did not arise until May 2015 is specious given that he

9

included the Crossroads Ford enforcement action in his equal protection claims in both the original complaint, filed in December 2013, and the amended complaint, filed in October 2014. (See ECF No. 1 at ¶ 62; ECF No. 45 ¶ 81.) The Court finds that the Crossroads Ford claim could have arisen in May 2012 at the latest, when Plaintiff began displaying non-commercial messages on the billboard. (SUF ¶ 9; Resp. to SUF ¶ 9.) Even if that were the case, Plaintiff's filing of the instant suit in December 2013 occurred more than one year after May 2012. Thus, Defendants have met their burden to demonstrate the absence of a genuine issue of material fact, and Plaintiff has failed to meet his burden of establishing a triable issue of material fact. See Mosholder, 679 F.3d at 448-49.

Accordingly, since there is no genuine dispute of material fact that Plaintiff's equal protection claims are time-barred, Defendants' motion for summary judgment is GRANTED as to the Crossroads Ford enforcement action claim and the PUD claims.

### B. Equal Protection Claims

Even if Plaintiff's equal protection claims were not time-barred, there is no genuine dispute of material fact as to Plaintiff's equal protection challenges. "The basis of any equal protection claim is that the state has treated similarly-situated individuals differently." Silver v. Franklin Twp. Bd. of Zoning Appeals, 966 F.2d 1031, 1036 (6th Cir. 1992).

10

A court need not proceed to review of the alleged disparate treatment if the claimant fails to demonstrate the existence of similarly-situated individuals. Braun v. Ann Arbor Charter Twp., 519 F.3d 564, 575 (6th Cir. 2008). In this case, as to the Crossroads Ford claim, Plaintiff has not shown that there were individuals similarly situated to him, that is, those billboard owners who "display[] exclusively noncommercial messages[7] that convey [the owners'] thoughts and ideas." (Am. Compl. ¶ 22, ECF No. 45.) Also, as to the PUD claims, Plaintiff has not shown that similarly situated individuals were granted permits on PUDs without the proper underlying zoning.

### 1. Crossroads Ford

Plaintiff asserted initially that there were four different billboards similarly situated to his Crossroads Ford sign, but later conceded that three of the four billboards are exempt from regulation because they advertise on-premise businesses while Plaintiff's does not. (Thomas Dep. 105:6-12, ECF No. 166-4; SUF ¶¶ 14-15; Resp. to SUF ¶ 14-15.) The fourth billboard, at a Valero refinery location, initially displayed an off-premise advertisement for Golden Corral. (See Hr'g Tr. 27:10-13,

---

[7] In his amended complaint, Plaintiff asserts that such messages are "on-premise" and exempt from regulation. (See, e.g., Am. Compl. ¶ 65, ECF No. 45.) In response to Defendants' statement of undisputed facts, however, Plaintiff states that he "displayed speech protected under the First Amendment and not 'on-premise' speech." (Resp. to SUF ¶ 9, ECF No. 198.) Regardless, Plaintiff's billboard at Crossroads Ford is distinguishable from the four billboards he asserts are similarly situated for the reasons articulated in this part.

11

28:13-20, ECF No. 204-2 at PageID 3831-32.) The billboard was changed to read "Valero Honors Our Veterans," which is considered an on-premise message because the billboard is situated at a Valero location. (See id. at 31:19-32:3, ECF No. 204-2 at PageID 3835-36; ECF No. 166-2 at PageID 2606; SUF ¶ 16; Resp. to SUF ¶ 16.)

Plaintiff argues that the Valero message does not "ha[ve] anything to do with the business on the premise." (Resp. to SUF ¶ 16, ECF No. 198.) The Valero billboard, however, cannot be considered similarly situated to Plaintiff's Crossroads Ford billboard. Although both include a noncommercial message,[8] the Valero billboard is on the premises of a Valero location whereas the Crossroads Ford property consists only of the billboard and trees. (See SUF ¶ 10; Resp. to SUF ¶ 10.)

### 2. PUDs

Plaintiff asserts, and Defendants do not dispute, that a former TDOT commissioner granted permits for billboards on PUD sites while Plaintiff's permits for Steve Road and Kate Bond were denied. (SUF ¶¶ 18-19; Resp. to SUF ¶¶ 18-19.) Plaintiff argues that the individuals granted permits by the former commissioner in 1993 are similarly situated to Plaintiff simply because the permits were "similarly in PUD[]s." (ECF No. 204 at 18-19.) Defendants argue that individuals granted permits by a

---

[8] The Crossroads Ford billboard featured "words of encouragement and support for the U.S. Olympic team." (Resp. to SUF ¶ 9.)

12

different commissioner over a decade after Plaintiff's permits were denied cannot be said to be similarly situated to Plaintiff. (ECF No. 167 at 20-21.) In addition, Defendants assert that the permits granted in 1993 were over the objections of the TDOT Highway Beautification Office. (Id. at 20 (citing Bible Aff., ECF No. 166-2).) The Court finds that Plaintiff has not presented evidence to establish an equal protection claim as to the PUDs.

While there is similarity in that the permits issued in 1993 and Plaintiff's denied permits were for PUD sites without the proper underlying zoning, Plaintiff has failed to demonstrate that those property owners who were granted permits in 1993 were similarly situated. See Silver, 966 F.2d at 1036-37 ("Although [the plaintiff] asserts that the [defendant] has issued conditional zoning certificates to other . . . developments, he has presented no evidence that these other developments were similarly situated to his development."). Plaintiff does not provide evidence to show similarity between the PUD site from 1993 and his PUD sites. In addition, the commissioner who granted the 1993 permits was not the same commissioner who denied Plaintiff's permits. See Purze v. Vill. of Winthrop Harbor, 286 F.3d 452, 455-56 (7th Cir. 2002) (citing one reason the plaintiffs were not similarly situated to other individuals as that the other individuals' zoning requests had

been "granted by different and previous Boards"); cf. Radue v. Kimberly-Clark Corp., 219 F.3d 612, 618 (7th Cir. 2000) (finding in the employment context that "when different decision-makers are involved, two decisions are rarely similarly situated in all relevant respects" (internal quotation marks omitted)).

Plaintiff also asserts that several other permits have been granted for billboards on PUD sites. (SUF ¶¶ 19, 21; Resp. to SUF ¶¶ 19, 21.) He cites permits 79-2706 and 79-2707 on the Pearce Property; 79-2932 and 79-2949 on the Great American Home Store Property; and 79-2388, 79-2389, 79-3009, and 79-3010 on the Bellevue Baptist Property. (Resp. to SUF ¶ 21.) Plaintiff also attaches a list of the asserted billboards and permits. (ECF No. 204-1 at PageID 3638-41.) Defendants assert that none of the asserted permits relate to billboards on PUDs that would be similarly situated to Plaintiff's proposed PUD sites. (ECF No. 207 at 5.) Defendants state that the Pearce Property permits are for signs on land with a different zoning designation;[9] that the Great American Home Property permits are for signs "grandfathered in" after the Billboard Act was passed, thereby sanctioning their nonconformance; and that the Bellevue

---

[9] Defendants assert that the permits "are located on land that is zoned commercial-highway." (ECF No. 207 at 5 (citing Bible Aff. ¶ 2, ECF No. 207-1).) The Steve Road site was zoned only for "residential," "agricultural," and "flood plain uses." Thomas v. TDOT, 2013 WL 4068178, at *9. Plaintiff argues that his Steve Road and Kate Bond sites are zoned "P.D. Commercial." (Resp. to SUF ¶ 28.) Such a zoning designation does not exist. Thomas v. TDOT, 2013 WL 4068178, at *7.

14

Baptist Property signs are those for which the former commissioner issued the permits in 1993. (ECF No. 207 at 5 (citing Bible Aff. ¶ 2, ECF No. 207-1).) Thus, the PUD permits asserted by Plaintiff are not similar to the permits Plaintiff sought for the proposed PUD sites, and Plaintiff has not demonstrated that there are any similarly-situated individuals whom the state treated differently.

Defendants have established the absence of a genuine issue of material fact, but Plaintiff has not shown a triable issue of material fact that there are similarly-situated individuals whom TDOT has treated differently. Accordingly, there is no genuine dispute of material fact as to the non-existence of similarly-situated individuals, and Defendants' motion for summary judgment is GRANTED as to the Crossroads Ford and PUD equal protection claims.

### C. Constitutionality of Billboard Act

The Court has found that the Billboard Act is likely content-based in light of Reed v. Town of Gilbert, 135 S. Ct. 2218 (2015). (See ECF No. 163 at 6-12.) Content-based speech restrictions must be "narrowly tailored to serve compelling state interests." Reed, 135 S. Ct. at 2226. In the Court's order denying partial summary judgment to Plaintiff, the Court found that there are disputed issues of material fact as to whether the governmental interests asserted by Defendants are compelling

15

such that the Billboard Act could survive strict scrutiny. (ECF No. 216 at 13-15.) The question of compelling interests is one about which the finder of fact must make a determination. (See ECF No. 216 at 13 n.2 (citing Petit v. City of Chicago, 219 F. Supp. 2d 917, 918-20 (N.D. Ill. 2002) (permitting jury's determination as to compelling interests and narrow tailoring)).) Thus, because there is a genuine dispute of material fact as to whether the government interests achieved by the Billboard Act are compelling, Defendants' motion for summary judgment is DENIED as to the constitutionality of the Billboard Act.

**D. Injunctive Relief**[10]

On September 8, 2015, the Court granted Plaintiff's motion for a preliminary injunction as to the Crossroads Ford location. (ECF No. 163.) The four factors that Plaintiff now must satisfy for a permanent injunction are:

> (1) that [he] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant[s], a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

---

[10] Defendants' memorandum in support of their motion for summary judgment states that Plaintiff sought two injunctions but addresses only the Crossroads Ford injunction because the other injunction sought by Plaintiff was discussed in a separate motion. (ECF No. 167 at 26.) The other injunction, which related to a Chancery Court action to recoup Defendants' costs for removing Plaintiff's billboards, was denied by the Court on October 29, 2015. (ECF No. 175.)

eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006).

The Court finds that the determination of whether the four factors weigh in Plaintiff's favor depends largely on whether the Billboard Act is constitutional. For example, if the Billboard Act is unconstitutional, removal of the Crossroads Ford sign would be a violation of Plaintiff's constitutional rights, causing irreparable injury and disserving the public interest. Thus, the Court defers determination of the injunction relief issue until the constitutionality of the Billboard Act is resolved.

**V.   CONCLUSION**

Defendants' Motion for Summary Judgment is GRANTED as to the remaining equal protection claims and DENIED as to the constitutionality of the Billboard Act.

**IT IS SO ORDERED,** this 16th day of May, 2016.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE