```
IN THE UNITED STATES DISTRICT COURT
  FOR THE WESTERN DISTRICT OF TENNESSEE
              WESTERN DIVISION
```

| | |
|---|---|
| WILLIAM H. THOMAS, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN SCHROER, Commissioner of Tennessee Department of Transportation, in his official and individual capacity; and JOHN REINBOLD; PATTI BOWLAN; ROBERT SHELBY; SHAWN BIBLE; and CONNIE GILLIAM, in their individual capacities,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. 2:13-cv-02987<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER DENYING IN PART AND GRANTING IN PART
DEFENDANTS' MOTIONS IN LIMINE**

Before the Court are Defendants' (hereinafter, "the State") Motions in Limine Nos. 7, 9, 20, and 21. (ECF No. 280 ¶¶ 7, 9, 20-21.) The Court granted the State's Motion in Limine No. 1 on September 6, 2016, as to money damages. (ECF No. 301.) The State's remaining motions in limine were uncontested by Plaintiff (hereinafter, "Thomas") (ECF No. 290) and are therefore granted. The four remaining motions at issue concern the following: (1) a Motion to Exclude That The State Has Removed Various Billboards That Thomas Erected (ECF No. 280 at 2 ¶ 7); (2) a Motion to Exclude That The State Has a Policy of Allowing Conversion of "Off-Premises" Billboards and Signs to

1

"On-Premises" Billboards And That The State Failed to Allow Thomas to Convert Some of Signs to "On-Premises" Signs (id. at 2 ¶ 9); (3) a Motion to Exclude Questions Asking Whether an Interest That the State Deems to Be Compelling is Sufficiently Compelling to Warrant Violation of First Amendment Rights (id. at 3 ¶ 20); and (4) a Motion to Exclude Introduction of the Supreme Court case, Reed v. Town of Gilbert, Ariz., 135 S. Ct. 2218-2239 (2015) (id. at 3 ¶ 21). Thomas filed a Response on August 30, 2016. (ECF No. 290.) For the reasons stated below, the State's Motions in Limine (ECF No. 280 2-3 ¶¶ 7, 9, 20-21) are denied in part and granted in part.

## I. BACKGROUND

This case, as presented for trial, concerns the alleged violations of Plaintiff William H. Thomas Jr.'s constitutional rights. Thomas alleges that John Shroer, Commissioner of the Tennessee Department of Transportation and the other Tennessee state employees (collectively, "the State"), violated his First Amendment rights when his billboards, displaying noncommercial content, were removed pursuant to the Billboard Regulation and Control Act of 1972 ("Act"), as set forth in Tennessee Code Annotated §§ 54-21-101 to -123 (2008).

Thomas' initial fillings included additional claims against the State. (ECF Nos. 1, 45.) On June 10, 2015, Thomas moved to enjoin the State from seeking to execute any judgment resulting

2

or associated with a particular billboard until a hearing could be heard on the issues. (ECF No. 96.) On September 8, 2015, the Court granted a preliminary injunction, analyzing Thomas' likelihood of success in his challenge to the constitutionality of the Act and discussing a strict scrutiny analysis in the context of the recent Supreme Court case of Reed v. Town of Gilbert, Ariz., 135 S. Ct. 2218 (2015). (ECF No. 163.) Following the Court's orders on the State's motion to dismiss, (ECF No. 170), and order on the State's motion for summary judgment (ECF No. 233), Thomas had only one remaining claim: whether the removal of Thomas' billboards pursuant to the Act was a violation of his First Amendment rights.

On August 26, 2015, the State filed 21 motions in limine. (ECF No. 280.) Thomas responded in opposition on August 30, 2016, contesting only five motions. (ECF No. 290.) One of these motions was granted by the Court on September 6, 2016. (ECF No. 301.) The remaining contested motions are addressed below.

**II. LEGAL STANDARD**

    **A. Motions in Limine**

A district court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds. Cf. Luce v. United States, 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 463 n.4, 83 L. Ed. 2d 443 (1984). Unless evidence meets this high standard, evidentiary rulings should be

deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in the proper context. Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded. See United States v. Connelly, 874 F.2d 412, 416 (7th Cir. 1989) (citing Luce, 469 U.S. at 41, 105 S.Ct. at 463) ("Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.").

**B. Law Regarding Rules 401, 402, and 403**

> Under the Federal Rules of Evidence, the standard for relevance is "extremely liberal." See Dortch v. Fowler, 588 F.3d 396, 400 (6th Cir. 2009). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Relevant evidence is admissible under Federal Rule of Evidence 402.

V & M Star Steel v. Centimark Corp., 678 F.3d 459, 468 (6th Cir. 2012).

Federal Rule of Evidence 403 ("Rule 403") provides:

> The court may exclude relevant evidence if its probative value is *substantially* outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

4

Fed. R. Evid. 403 (emphasis added).

Relevant evidence, by nature, is inherently prejudicial. Smith v. Parmley, 558 F. Supp. 161, 163 (E.D. Tenn. 1982)(citing United States v. McRae, 593 F.2d 700, 707[7-9] (5th Cir. 1979), certiorari denied, 444 U.S. 862, 100 S. Ct. 128, 62 L.Ed.2d 83 (1979). Thus, the trial judge must apply Rule 403 cautiously and sparingly, fully contemplating the unique complexities of each objection. See id.

For example, the relevancy and prejudicial effect of evidence that supports an already-dismissed claim turns on whether the same evidence supports a claim before the court, and on how that evidence is presented. See Davis v. Siemens Med. Sols. USA, Inc., 279 F. App'x 378, 380-81 (6th Cir. 2008)(holding exclusion proper of evidence supporting the mistreatment of the plaintiff that "might have been relevant to the already-dismissed claim for [IIED]," but "had no relevance ... to the misrepresentation claim."); see also Sec. & Exch. Comm'n v. Goldstone, No. CIV 12-0257 JB/GBW, 2016 WL 3625405, at *14 (D.N.M. June 13, 2016)(allowing plaintiff to introduce evidence supporting the dismissed claims that is relevant to the remaining claims, but limiting argument about that evidence); accord Dollman v. Mast Industries, Inc., No. 08 Civ. 10184 (WHP), 2011 WL 3911035 at *5 (S.D.N.Y. Sept. 6, 2011).

## III. ANALYSIS

### A. Motion to Exclude That the State Has Removed Various Billboards That Thomas Erected

The State moves to exclude evidence of it removing billboards from Thomas' property. (ECF No. 290 at 2-4). The State reasons that because the Court dismissed some of Thomas' claims, which were supported by evidence of the State's removal of Thomas' billboards, (ECF Nos. 170, 233), reintroducing this evidence would be irrelevant, unfairly prejudicial, cause confusion, and mislead the jury, (ECF No. 290 at 2-4). Thomas' argues that the removal of the billboards and their content remains relevant to his current First Amendment claim. (ECF No. 290 at 12-13.)

The Court concludes that because the State's removal of Thomas' billboards forms the foundation of Thomas' claim in this matter, it is relevant. See Fed. R. Evid. 401. The Court also concludes that the evidence of the State's removal has little danger of misleading the jury or creating unfair prejudice, because that evidence alone does not require disclosure of the dismissed claims. See Sec. & Exch. Comm'n v. Goldstone, No. CIV 12-0257 JB/GBW, 2016 WL 3625405, at *14 (D.N.M. June 13, 2016). Thus, the Court will allow Thomas to introduce evidence that supports both dismissed claims and remaining claims.

To further safeguard from jury confusion and unfair prejudice, however, the Court will limit this evidence in certain ways.

First, Thomas is restricted from arguing or attempting to resurrect the dismissed claims.  Second, the Court will not allow the parties to refer to the fact that the Court has dismissed Thomas' previous claims.

For the aforementioned reasons, the Court **DENIES** the State's Motion to Exclude That the State Has Removed Various Billboards That Thomas Erected.

### B. Motion to Exclude That the State Has a Policy of Allowing Conversion of "Off-Premises" Billboards and Signs to "On-Premises" Billboards and That the State Failed to Allow Thomas to Convert Some of Signs to "On-Premises" Signs

The State moves to exclude evidence of its policy of labeling and converting billboards from "on-" to "off-premises," and evidence that it did not allow Thomas to make this conversion. (ECF No. 280 at 4.)  The State reasons that because the Court dismissed some of Thomas' claims, which were supported by evidence of the State's "on-" and "off-premises" policies and its failure to make this conversion for Thomas, (ECF Nos. 170, 233), reintroducing this evidence would be irrelevant, unfairly prejudicial, cause confusion, and mislead the jury, (ECF No. 290 at 2-4).  Thomas contends that these policies are relevant because they contradict the State's compelling interests in roadway safety and aesthetics. (ECF No. 290 at 13.)

The Court concludes that because evidence of the State's policies associated with the Act relate to the State's

7

compelling interests, it is relevant.  See Fed. R. Evid. 401.  The Court also concludes that the evidence of the State's policies or its failure to convert Thomas' billboards to "on-premises" sign has little danger of misleading the jury or creating unfair prejudice, because the evidence alone does not require disclosure of the dismissed claims.  See Sec. & Exch. Comm'n v. Goldstone, No. CIV 12-0257 JB/GBW, 2016 WL 3625405, at *14 (D.N.M. June 13, 2016).  Thus, the Court will allow Thomas to introduce evidence that supports both dismissed claims and remaining claims.

To further safeguard from jury confusion and unfair prejudice, however, the Court will limit this evidence in certain ways.  First, Thomas is restricted from arguing or attempting to resurrect the dismissed claims.  Second, the Court will not allow the parties to refer to the fact that the Court has dismissed Thomas' previous claims.

For the aforementioned reasons, the Court **DENIES** the State's Motion to Exclude That the State Has a Policy of Allowing Conversion of "Off-Premises" Billboards and Signs to "On-Premises" Billboards and That the State Failed to Allow Thomas to Convert Some of Signs to "On-Premises" Signs.

**C. Motion to Exclude Questions Asking Whether an Interest That the State Deems to Be Compelling is Sufficiently Compelling to Warrant Violation of First Amendment Rights**

The State moves to exclude any questions asking whether the State's interests are sufficiently compelling to warrant the violation of First Amendment rights. (ECF No. 280 at 5.) It further contends that such questions would be unfairly prejudicial, cause confusion, and mislead the jury. (Id.) Thomas argues that the State "seeks to exclude a key portion of the relevant analysis." (ECF No. 290 at 14)

The Court will not exclude the asking of this question in limine. The Supreme Court dictates that a district court may only exclude evidence in limine when the evidence is clearly inadmissible on all potential grounds. Cf. Luce v. United States, 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 463 n.4, 83 L. Ed. 2d 443 (1984). In the instant case, this high standard is not met. As determined above, a violation of First Amendment rights lays the foundation for Thomas' claim. See Part III. A-B. Therefore, when making its "narrowly tailored" determination, the jury must consider if the State's espoused interests are narrowly tailored to the Act's provisions, which limit the erection of billboards (a recognized medium of First Amendment expression, see generally, Metromedia, Inc. v. City of San Diego, 453 U.S. 490). Whether the question presents an issue of

unfair prejudice or confusion, is better determined in the context of trial.

For the aforementioned reasons, the Court **DENIES** the State's motion to exclude any questions regarding whether the State's interests are sufficiently compelling to warrant abrogation of his rights under the First Amendment.

### D. Motion to Exclude Introduction of the Supreme Court case, Reed v. Town of Gilbert, Ariz.

The State moves to exclude Thomas from introducing the recently decided Supreme Court case, Reed v. Town of Gilbert, Ariz., 135 S.Ct. 2218 (2015), as well as previous orders from this Court, concerning the constitutionality of the Act. (ECF No. 280 at 5.) The State argues that this evidence would be unfairly prejudicial, cause confusion, and mislead the jury. (Id.) Thomas contends that the case and previous orders will help the jury understand how to make its complicated determination.[1] (ECF No. 290 at 18.)

Reed is before the Court, and need not be introduced into evidence at the trial. Introduction before the jury would likely cause confusion. The Court concludes that the Reed case itself should not be admitted as evidence in this case. The

---

[1] Plaintiff notes: "Reed is the controlling Supreme Court precedent in this case and the idea that any mention of the analysis in Reed would cause prejudice and harm to the jury is ludicrous." (ECF No. 290 at 18.) There can be no doubt that the legal concepts in Reed are at the heart of this case. That, however, does not necessitate explicit reference to Reed and the Supreme Court.

10

case law may, among other things, be used to explain the meaning of a compelling interest and whether a law is narrowly tailored to a compelling interest.  Reed may not be used to establish that the Act is unconstitutional.  Therefore, as to Reed v. Town of Gilbert, Ariz., 135 S.Ct. 2218 (2015), the motion is GRANTED.

The Court concludes that the introduction of the Court's previous orders as to the Act's constitutionality is inadmissible, as it would likely cause confusion and mislead the jury.  The jury is exclusively answering the two-prong factual question of: (1) whether the State has a compelling interest; and (2) whether the State's compelling interest(s) are furthered by the Act.  The Court finds that presenting previous orders which analyze but do not determine issues in this case is highly likely to confuse and mislead the jury.  Therefore, as to the Court's previous orders discussing the Act's constitutionality, the motion is GRANTED.

For the aforementioned reasons, the Court DENIES IN PART AND GRANTS IN PART the State's motion to exclude Thomas from introducing the recently decided Supreme Court case, Reed v. Town of Gilbert, Ariz., 135 S.Ct. 2218 (2015), as well as previous orders from this Court, concerning the constitutionality of the Act.

Therefore, the State's Motions in Limine are DENIED IN PART AND GRANTED IN PART.

**IT IS SO ORDERED**, this 13th day of September, 2016.

                                                  _/s/ Jon P. McCalla_____
                                                  JON P. McCALLA
                                                  UNITED STATES DISTRICT JUDGE