IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| WILLIAM H. THOMAS, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN SCHROER, Commissioner of the ) <br> Tennessee Department of Transportation in ) <br> his official capacity, ) <br> ) <br> Defendant. ) | Case No. 2:13-cv-2987-JPM-cgc |

**ORDER ADOPTING THE REPORT AND RECOMMENDATIONS FOR ATTORNEYS' FEES**

Before the Court are the Report and Recommendations filed by U.S. Magistrate Judge Charmiane G. Claxton on December 12, 2018 (ECF No. 409) with respect to Plaintiff William H. Thomas, Jr.'s Motion for Attorneys' Fees, Costs and Expenses. (ECF No. 376.) The Magistrate Judge submits that Plaintiff's motion should be granted in part and denied in part. (ECF No. 409 at PageID 7858.) The Magistrate Judge recommends "that Plaintiff be awarded as follows: $170,100.00 in attorneys' fees to attorney George R. Fusner ('Fusner'); $2,900.00 in paralegal fees to Fusner; $162,450.00 in attorneys' fees to attorney Jonathan L. Miley ('Miley'); $5,834.74 in costs incurred by Fusner; $312.90 in costs incurred by Miley; and, $4,565.56 in costs incurred by Plaintiff." (Id. at PageID 7834.) For the below reasons the Court OVERRULES Plaintiff's objections and ADOPTS the Magistrate Judge's Report and Recommendations in its entirety.

**Procedural Background**

Plaintiff filed a Motion for Attorneys' Fees and Expenses on October 3, 2017. (ECF No. 376.) Defendant responded on October 13, 2017. (ECF No. 378.) Plaintiff replied on October 23, 2017. (ECF No. 382.) The motion was referred to the Magistrate Judge on August 3, 2018. (ECF No. 404.) The Magistrate Judge's Report and Recommendations were filed December 12, 2018. (ECF No. 409.) Fusner filed a Motion to Withdraw as attorney (ECF No. 399) which was granted on February 27, 2018. (ECF No. 401.) Fusner filed objections to the Report and Recommendations on December 19, 2018. (ECF No. 413.) Fusner filed an amended replacement of his objections the same day. (ECF No. 414.) Thomas filed objections to the Report and Recommendations on December 21, 2018. (ECF No. 416.) Defendant did not file any objections to the Report and Recommendations. Defendant filed a Motion to Stay Ruling on Attorneys' Fees until after the appeal is resolved on December 19, 2018. (ECF No. 411.) Plaintiff responded on December 21, 2018. (ECF No. 415.)

**Legal Standard**

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee note.

When a timely objection has been filed, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The portions of a magistrate judge's recommendation as to which no specific

2

objections were filed are reviewed for clear error.  See Fed. R. Civ. P. 72(b) advisory committee notes; Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) (noting that when a party makes a general objection, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless."). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." Howard, 932 F.2d at 509.  Moreover, the "failure to properly file objections constitutes a waiver of appeal."  See Howard, 932 F.2d at 508 (citing United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

**Analysis**

The portions of the Report and Recommendations that Plaintiff objects to will be reviewed de novo.  The remainder of the Report and Recommendations will be reviewed for clear error.  Fed. R. Civ. P. 72(b)(3).

The Magistrate Judge used the lodestar method to determine reasonable fees based on what hours should be counted given the facts of this case.  (ECF No. 409 at PageIDs 7838-39.) Defendant does not contest the rates charged by Fusner, Miley, Fusner's paralegals, or executive assistant Ricky Tan.  (Response to Mot. for Fees, ECF No. 378.)

Plaintiff's objections

Plaintiff objects to four aspects of the Report and Recommendations : (1) the reduction of hours spent on remedies and damages, (2) the hours spent while Plaintiff was *pro se*, (3) the Plaintiff's Executive Assistant's fees, and (4) the costs for depositions and travel.  (ECF Nos. 414, 416.)

Hours spent on remedies and damages

In its response to Plaintiff's original motion, Defendant asserts that the 16.3 hours for Fusner's work on "Damages" is unreasonable because Plaintiff never obtained a damages award. (Def. Response, ECF No. 378 at PageID 7421.) Miley also documented 93.7 hours for damages and remedies work. (Miley Invoices, ECF No. 376-6.) The Court previously determined that "monetary damages hinge on separate factual and legal determinations" than the constitutionality of the Billboard Act. (ECF No. 301 at PageID 5964.) The Court found the Billboard Act was unconstitutional and ordered supplemental briefing on the issues of remedies. (ECF No. 357.)

Plaintiff objects to the removal of Fusner's 16.3 hours and Miley's 93.7 hours of work on damages being excluded from the lodestar calculation because "Plaintiff's counsels were required to perform work per order of this Honorable Court as well as to preserve all remedies and damages issues on appeal." (Pl's Obj., ECF No. 414 at PageID 7874.) In support, Plaintiff notes his success on his request for attorney fees and post judgment interest.

No damages were awarded in this case. Attorney fees and post judgment interest are different from damages. Plaintiff argues that "the fee award should not be reduced simply because the Plaintiff failed to prevail on every contention raised in the lawsuit." (Id. (citing Hensley v. Eckerhart, 461 U.S. 424, 435 (1983)).) Hensley also states:

> If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith. Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. Again, the most critical factor is the degree of success obtained.

Hensley, 461 U.S. at 436.

Plaintiff did not succeed in obtaining damages. Based on that lack of success, Fusner's 16.3 hours and Miley's 93.7 hours of work on damages and remedies will be excluded from the lodestar calculation.

Hours spent while Plaintiff was *pro se*

Defendant argues attorneys' fees should not be awarded for work performed while Thomas was proceeding *pro se*. (Def. Response, ECF No. 378 at PageIDs 7418-19.) While Thomas was *pro se*, Miley recorded 467.7 hours of work for which Plaintiff requests attorneys' fees. (Miley Invoices, ECF No. 376-6.)

Plaintiff argues attorneys' fees can be recovered by an attorney working for a *pro se* litigant. (ECF No. 414 at PageIDs 7875-76.) Plaintiff references the Supreme Court's dicta in Kay v. Ehrler that "it seems likely that Congress contemplated an attorney-client relationship as the predicate for an award under § 1988." 499 U.S. 432, 436 (1991).

While the dicta in Kay may be correct, it does not address the issue of awarding attorneys' fees for overstaffing.

> Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.

Hensley, 461 U.S. at 434.

By proceeding *pro se* Thomas signaled to the court that additional attorneys were not necessary for the litigation. If counsel, such as Miley, were necessary, they should have filed an appearance. This would allow the Court to set the litigation schedule accordingly. Miley was not an attorney of record while Thomas was proceeding *pro se*. That indicates Miley's

work during that period resulted in overstaffing. Miley's 467.7 hours while Thomas was *pro se* will, therefore, be excluded from the lodestar calculation.

Plaintiff's Executive Assistant's Fees

Defendant argues Ricky Tan, Fusner's executive assistant, is not entitled to attorneys' fees. (Def. Response, ECF No. 378 at PageID 7419.) Defendant asserts there "is no case law that suggests that secretaries and executive assistants are entitled to attorney's fees." (Id.) Plaintiff argues that Tan's hours should be included in the attorneys' fees because Tan "performed services of a nature greater than that of an experienced paralegal" and was "instrumental in organizing and keeping documents." (ECF No. 416 at PageID 7891 (quoting Fusner Decl., ECF No. 376-1 at ¶ 16).)

"'Purely clerical or secretarial tasks, that is, non-legal work, should not be billed—even at a paralegal rate—regardless of who performs the work." William Howe v. City of Akron, No. 5:06-cv-2779, 2016 WL 916701, at *15 (N.D. Ohio Mar. 10, 2016) (citing Bernhart v. Comm'r of Soc. Sec., No. 5:12CV2367, 2013 WL 3822141, at *2 (N.D. Ohio July 23, 2013)); see also Richlin Sec. Serv. Co. v. Chertoff, 553 U.S. 571, 585 (2008) (noting that reimbursement for costs typically included in "office overhead," including wages paid to office staff, is not customarily charged to clients or awarded as "attorney fees"). Plaintiff's declaration clarifies that Tan is neither a paralegal nor a lawyer. (Thomas Decl., ECF No. 376-7 at ¶ 6). Organizing and keeping documents, as Tan did, is not work that can be awarded as attorneys' fees. (Fusner Decl., ECF No. 376-1 at ¶ 16.) Tan's 1,489 hours will be excluded from the lodestar calculation.

Reduction in costs related to depositions

Defendant asserts that $6,341.08 in costs accrued from unused depositions should not be awarded as attorneys' fees. (Def. Response, ECF No. 378 at PageID 7424.) Plaintiff incurred these costs while representing himself *pro se*. (See id.) By not using any of those depositions to achieve the success that attorneys' fees would be granted for, awarding the full amount is excessive. See Hensley, 461 U.S. at 436. While some of Plaintiff's efforts related to those depositions are understandable, the fact that they were not used indicates that only a portion should be awarded as attorneys' fees. Based on the number of depositions taken and the lack of their use related to Plaintiff's success, the Court in its discretion finds that only twenty-five percent of the costs incurred ($1,585.27) will be awarded. The other seventy-five percent of the costs ($4,755.81) will be excluded.

**Conclusion**

After a de novo review of Plaintiff's objections and the record related thereto, the Court has reached the same conclusions as the Magistrate Judge. Plaintiff's objections are overruled. Upon review of the remainder of the Magistrate Judge's Report and Recommendations, the Court has not identified any clear error and concurs with the Magistrate Judge's findings. The Report and Recommendations are, therefore, ADOPTED in full. Defendant's Motion to Stay (ECF No. 411) is DENIED AS MOOT. The awarded attorneys' fees will not be payable until the conclusion of the appeal currently before the Sixth Circuit.

**SO ORDERED**, this 13th day of March, 2019.

    /s/ Jon P. McCalla
    JON P. McCALLA
    UNITED STATES DISTRICT JUDGE