**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**MICHAEL COLLINS,**
**Chapter 11 Trustee,**

      **Plaintiff,**

**v.**                         **No. 13-cv-02987-JPM-cgc**

**CLAY BRIGHT, Commissioner of the**
**Tennessee Department of Transportation,**
**in his official capacity,**

      **Defendant.**

---

**REPORT AND RECOMMENDATION ON**
**DEFENDANT'S MOTION TO DISSOLVE THE PERMANENT INJUNCTION ON THE**
**CROSSROAD FORD SIGN OR, IN THE ALTERNATIVE, FOR CLARIFICATION AS**
**TO THE SCOPE AND EXTENT OF THE PERMANENT INJUNCTION IN THE EVENT**
**OF A SALE OF THE CROSSROAD FORD SIGN**

---

Before the Court is Defendant Clay Bright[1], in his official capacity as Commissioner of

the Tennessee Department of Transportation's ("TDOT") (hereinafter "the State"), Motion to

Dissolve the Permanent Injunction on the Crossroads Ford sign or, in the Alternative, for

Clarification as to the Scope and Extent of the Permanent Injunction in the Event of a Sale of the

Crossroads Ford Sign ("Motion to Dissolve") (D.E. # 477).  The instant motion has been referred

to the United States Magistrate Judge for Report and Recommendation (D.E. # 480).  For the

---

[1]  This Court's docket continues to reflect John Schroer ("Schroer"), Commissioner of Tennessee Department of Transportation, as the Defendant; however, the United States Court of Appeals has ordered that Clay Bright ("Bright") be substituted for Schroer as the current Commissioner of the Tennessee Department of Transportation. (D.E. # 431).  Accordingly, it is RECOMMENDED that the Clerk of Court be directed to correct the docket to reflect this substitution.

1

reasons set forth herein, it is RECOMMENDED that the State's Motion to Dissolve be GRANTED.

### I. Procedural History

This action concerns alleged First Amendment violations that occurred when agents of the State of Tennessee ("the State") sought to remove then-Plaintiff William H. Thomas's ("Thomas")[2] non-commercial billboard pursuant to the Billboard Regulation and Control Act of 1972 ("Billboard Act"), Tennessee Code Annotated Sections 54-21-101, *et seq*.

An advisory jury trial was held from September 19, 2016 until September 22, 2016. (D.E. # 320, 321, 322, 328, 329).  On March 31, 2017, the District Court entered its Order & Memorandum Finding Billboard Act an Unconstitutional, Content-Based Regulation of Speech. (D.E. # 356); *Thomas v. Schroer*, 248 F. Supp. 3d 868 (W.D. Tenn. 2017).  The District Court held that the Billboard Act regulated "both commercial and non-commercial speech by banning some forms of both on the basis of content and therefore does not survive First Amendment scrutiny." *Thomas*, 248 F. Supp. 3d at 872; *see also id.* 871-78.  Specifically, the District Court set forth that the offending provisions were the exceptions contained in Tennessee Code Annotated Sections 54-21-103(a)(1)-(3) (2017) and 54-21-107(a)(1)-(2) (2017).  *Id.* at 872-73 (listing these sections as the "provisions at issue").  The Court also found the that the offending provisions of the Billboard Act were not severable, stating as follows:

> The Court notes that if it were clear from the face of the statute that the Tennessee legislature would have enacted the Billboard Act with the unconstitutional on-premises / off-premises distinction omitted, the Court could sever the

---

[2]  On December 8, 2020, the District Court entered an Order Granting Chapter 11 Trustee's Motion to Substitute as Plaintiff.  (D.E. # 469).  Therein, the Court determined that Michael E. Collins ("Collins"), the Chapter 11 Trustee of Thomas' Bankruptcy Estate, should be substituted as Plaintiff as he is now the real party in interest.  On February 11, 2021, Collins filed notice of a Suggestion of Death of William H. Thomas, Jr.  (D.E. # 475).

unconstitutional provisions while the Billboard Act's constitutional provisions stay in place. The Court, however, is unpersuaded that the Billboard Act, as written, is severable in this manner.

*Id*. at 895 n.12 (internal citations omitted).[3]

On May 17, 2017, the State filed a Rule 54(b) Motion to Reconsider the Court's Ruling that the Tennessee Billboard Act is Not Severable ("Motion to Reconsider") (D.E. # 371). On September 20, 2017, the District Court entered its Order Denying Motion for Reconsideration and Order Concerning Remedies. (D.E. # 374); *Thomas v. Schroer*, No. 13-cv-02987-JPM-cgc, 2017 WL 6489144 (W.D. Tenn. 2017). Therein, the District Court set forth in further detail why there was neither a clear nor prudent line at which to sever the offending portions of the Billboard Act. *Id*. at *1-*5. Specifically, the District Court explained that nothing on the face of the statute indicates that the Tennessee legislature would have enacted the Billboard Act without the unconstitutional provisions. *Id*. at *2-*4. Thus, the Court determined that "it is for the Tennessee State Legislature—and not this Court—to clarify the Legislature's intent regarding the Billboard Act . . . ." *Id*. at 5.

On October 6, 2017, the Court entered its Judgment, which contains the text of the permanent injunction and states as follows:

> **JUDGMENT BY COURT.** This action having come before the Court on Plaintiff William H. Thomas, Jr.'s Complaint, filed December 17, 2013 (D.E. # 1); the issues in this case having been tried and an advisory jury having rendered a verdict in favor of Defendant the State of Tennessee (D.E. # 329); the Court having

---

[3] The District Court further explained the terms "on premise" and "off-premise," which are not contained in either Tennessee Code Annotated Section 54-21-103 (2017) or 54-21-107 (2017). Specifically, in practice, the State refers to signs that the Billboard Act regulated as "off-premise" and the signs that it did not regulate as "on-premise." 248 F. Supp. 3d at 873. State agents utilized Rule 1680-02-030.06 to make this distinction, and that Rule follows the language contained in the statute that an "on-premise sign" not only must be located "on the same premises as the activity or property advertised" but must have as its purpose the "identification of the activity, or its products or services" or "the sale or lease of the property on which the sign is located, rather than the purpose of general advertising." *Id*. (citations omitted). Thus, although the State uses in practice terminology that is not found in these provisions of the law, it is effectively referring to the same distinction as contained therein.

3

entered the Order & Memorandum Finding Billboard Act an Unconstitutional, Content-Based Regulation of Speech (D.E. # 356); Defendant John Shorer having filed a Rule 54(b) motion to reconsider the Court's ruling that the Tennessee Billboard Act is not severable (D.E. # 371); the Court having denied that motion (D.E. # 375); and all other matters in the case having been decided, . . .

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that, in accordance with the Court's Order Finding Billboard Act an Unconstitutional, Content-Based Regulation of Speech (D.E. # 356), the State of Tennessee and its agents are hereby enjoined from removing or seeking removal of Plaintiff William H. Thomas, Jr.'s Crossroads Ford sign pursuant to the Billboard Regulation and Control Act of 1972 ("Billboard Act"), Tennessee Code Annotated §§ 54-21-101, et seq.  Thomas's other requests for relief have been denied or are now moot. . . .

On September 11, 2019, the Sixth Circuit affirmed the District Court's ruling.  *See Thomas v. Bright*, 937 F.3d 721 (6th Cir. 2019); *see also* (D.E. # 437).  The Sixth Circuit did not address the severability question because the State did not raise it on appeal.  *Id*. at 728-29.

On June 22, 2020, the Tennessee General Assembly amended the Billboard Act to be effective immediately.  2020 Tennessee Pub. Acts Ch. 706; *see id.* § 12 ("This act shall take effect upon becoming law, the public welfare requiring it.").  In so doing, the Tennessee General Assembly declared that "Tennessee Code Annotated, Title 54, Chapter 21 [of the Billboard Act], is amended by *deleting the chapter in its entirety and substituting instead the following*[.]"  2020 Tennessee Pub. Acts. Ch. 706, § 8.  Tennessee Code Annotated Section 54-21-101 (2020) states that "[t]his chapter shall be known and may be cited as the 'Outdoor Advertising Control Act of 2020'" ("Outdoor Advertising Control Act").  *Id*.[4]

---

[4]   The substantive differences between the current provisions of the Outdoor Advertising Control Act and the provisions of the Billboard Act that were in effect when the District Court's injunction was issued are discussed, *infra*, Sections II.b-e.

4

On April 19, 2021, the State filed its Motion to Dissolve.  (D.E. # 477).  The State argues that the permanent injunction has been mooted in three ways: (1) by the replacement of the Billboard Act with the Outdoor Advertising Control Act; (2) by Thomas's death; and, (3) by Thomas having been divested of ownership and control of the Crossroads Ford sign prior to his death.  (D.E. # 477).  Alternatively, the State requests that, in the event the Court determines that the permanent injunction should remain in place, it is appropriate that the Court issue an order that establishes the rights, responsibilities, benefits, and burdens accruing to all parties, including the State, Plaintiff, and a future purchaser of the Crossroads Ford sign, relative to the continuation of the permanent injunction in place at the Crossroads Ford sign.  *Id.*

On May 3, 2021, Collins filed the Chapter 11 Trustee's Objection to Defendant's Motion to Dissolve the Permanent Injunction.  (D.E. # 478).  Collins argues as follows: (1) that the enactment of the Outdoor Advertising Control Act[5] does not moot, vacate, or dissolve the permanent injunction; (2) that Collins stands in the shoes of Thomas such that his death does not alter the bankruptcy estate's rights; (3) that the permanent injunction runs for the benefit of the bankruptcy estate; (4) that Thomas's pre-death divestiture is irrelevant; (5) that the Motion to Dissolve the Permanent Injunction constitutes a violation of the automatic stay; and, (6) that the permanent injunction's scope should be enlarged to include successors to the bankruptcy estate and commercial speech.  (D.E. # 478).

---

[5]  Collins refers to the Outdoor Advertising Control Act as the "2020 Billboard Act"; however, as the Tennessee General Assembly has expressly titled it the "Outdoor Advertising Control Act of 2020" and has stated that it should be cited as such, *see* Tenn. Code Ann. § 54-21-101 (2021), this Court will refer to it accordingly.

## II.  Applicable Law

### a.  *Law Governing Dissolution of Permanent Injunctions*

Rule 60(b) of the Federal Rules of Civil Procedure governs motions to dissolve permanent injunctions.  *Rufo v. Inmates of Suffolk Jail*, 502 U.S. 367, 380 (1992); *Déjà vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cty., Tennessee*, 274 F.3d 377, 403 (6th Cir. 2001).  Rule 60(b) states that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" when "the judgment has been satisfied, released, or discharged," when "applying it prospectively is no longer equitable," and when "any other reason . . . justifies relief."  Fed. R. Civ. P. 60(b)(5)-(6).[6]

"'[I]f a party seeks to have a decree set aside entirely, he or she has to show that the decree has served its purpose, and there is no longer any need for the injunction."  *Déjà Vu*, 466 F.3d at 394 (citing Moore's Fed. Practice § 60.47(2)(c) (3d ed. 2005) (additional citations omitted)).  One basis for the dissolution of an injunction is that "[t]he foundation upon which the claim for injunctive relief was built has crumbled.'"  *Déjà vu*, 466 F.3d at 394 (citing *Sweeton v. Brown*, 37 F.3d 1162, 1164 (6th Cir. 1994) (en banc)).  In *Sweeton*, the Sixth Circuit further acknowledged that "[t]he law changes and clarifies itself over time" and that the "proper respect for previously entered judgments" does not require that "old injunctions remain in effect when the old law on which they were based has changed."  37 F.3d at 1164.

---

[6]  It is worth noting, as the Sixth Circuit has done, that, "even before the Federal Rules of Civil Procedure were enacted, the prospective features of injunctions were subject to modification by the district court."  *Déjà vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cty.*, 466 F.3d 391, 394 (citing *United States v. Swift & Co.*, 286 U.S. 106, 114 (1932) (stating that "a continuing decree of injunction directed to events to come is subject as always to adaptation as events may shape the need").

### b.   The Billboard Act's Location Restrictions on Billboards and Signs

The Billboard Act contained location restrictions for billboards and signs but excepted certain signs pursuant to Tennessee Code Annotated Section 54-21-103(1)-(5) (2017). Specifically, the law as in effect when the permanent injunction was issued by the District Court was as follows:

**§ 54-21-103.  Restrictions; exceptions**

No outdoor advertising shall be erected or maintained within six hundred sixty feet (660') of the nearest edge of the right-of-way and visible from the main traveled way of the interstate or primary highway systems in this state except the following:

(1)  Directional or other signs

(2)  Signs, displays and devices advertising the sale or lease of property on which they are located;

(3)  Signs, displays and devices advertising activities conducted on the property on which they are located;

(4) Signs, displays and devices located in the areas that are zoned industrial or commercial under authority of law and whose size, lighting and spacing are consistent with customary use as determined by agreement between the state and the secretary of transportation of the United States; and

(5) Signs, displays and devices located in unzoned commercial or industrial areas as may be determined by agreement between the state and the secretary of transportation of the United States.

Tenn. Code Ann. § 54-21-103(a) (2017).

### c.   The Outdoor Advertising Control Act's Location Restrictions

The Outdoor Advertising Control Act states as follows:

**§ 54-21-103.  Restrictions on outdoor advertising devices on interstate and primary highways**

(a)  An outdoor advertising device shall not be erected or maintained within six hundred sixty feet (660') of the nearest edge of the right-of-way and visible

7

from the main traveled way of the interstate or primary highway systems in this state except the following:

> (1)  Outdoor advertising devices located in areas that are zoned industrial or commercial under authority of local government law and whose size, lighting, and spacing are consistent with customary use as determined by agreement between the state and the secretary of transportation of the United States; and

> (2) Outdoor advertising devices located in unzoned commercial or industrial areas as may be determined by agreement between the state and the secretary of transportation of the United States.

Tenn. Code Ann. § 54-21-103(a)(1)-(2) (2021).

> ### d.   *The Billboard Act's Permit and Tag Restrictions on Billboards and Signs*

The Billboard Act further exempted certain billboards and signs from complying with the permit and tag restrictions found in Tennessee Code Annotated Section 54-21-104 (2017).  These exemptions were set forth in Tennessee Code Annotated Section 54-21-107 (2017):

**§ 54-21-107.  Exemptions**

. . .

> (1)  Those advertising activities conducted on the property on which they are located;

> (2) Those advertising the sale or lease of property on which they are located; and

> (3) Those that are official as established under authority of any statute or regulation promulgated with respect to the outdoor advertising.

. . . .

Tenn. Code Ann. § 54-21-107(a)(1)-(3).

### e.   *The Outdoor Advertising Control Act's Deletion of Permit and Tag Exemptions*

The Outdoor Advertising Control Act continues to have permit and tag restrictions as set forth in Tennessee Code Annotated Section 54-21-104 (2021).   However, the law does not contain any exemptions; instead, Tennessee Code Annotated Section 54-21-107 (2021) now contains unrelated regulations on the commissioner's acquisition of outdoor advertising devices along the interstate and primary highway systems.

### III.   Proposed Analysis and Conclusions of Law

The District Court's Order & Memorandum Finding Billboard Act an Unconstitutional, Content-Based Regulation of Speech focused on the content-based restrictions in Tennessee Code Annotated Sections 54-21-103(1)-(3) (2017) and 54-21-107(a)(1)-(2).   The District Court's Judgment ordered that, in accordance with the aforementioned Order, "the State of Tennessee and its agents are hereby enjoined from removing or seeking removal of Plaintiff William H. Thomas, Jr.'s Crossroad Ford sign pursuant to the Billboard Regulation and Control Act of 1972 . . . ."

Put simply, the Billboard Act is no longer in effect, and the Outdoor Advertising Control Act does not contain the provisions the District Court found to be constitutionally objectionable. Although the District Court concluded at that time that the offending provisions were not severable because the face of the Billboard Act did not evidence that the Tennessee General Assembly intended them to be so, the Tennessee General Assembly has now spoken by amending its law to remove them.   Further, the parties do not argue that any of the amended language in the Outdoor Advertising Control Act effectively replaces or replicates any of the

offending content-based restrictions.   Thus, because the offending portions of the law are no longer in effect, it is RECOMMENDED that dissolution of the injunction is appropriate pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[7] [8] [9]

      **SIGNED** this 12th day of October, 2021.


s/ Charmiane G. Claxton<br>
CHARMIANE G. CLAXTON<br>
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**

---

[7] Collins argues that the District Court should apply an exception set forth by other Circuit Courts that the repeal or amendment of a statute should not moot an injunction "when a party has a vested right established by the unconstitutionality of a statute."  *See, e.g.*, *Crown Media, LLC v. Gwinnett Cty., Georgia*, 380 F.3d 1317, 1328 (11th Cir. 2004); *Nat'l Advert. Co. v. Town of Babylon*, 900 F.2d 551, 554 n.2 (2d Cir. 1990).  As the Sixth Circuit has not recognized such an exception, the Magistrate Judge will not recommend otherwise.

[8] Collins further argues that, "if TDOT seeks to remove the Crossroad Ford sign as non-conforming" under the Outdoor Advertising Control Act, "it must provide just compensation to the Bankruptcy Estate under the takings clause of the Constitution."   Not only has Collins not raised this request by motion, but Defendant has also not had an opportunity to respond to this argument.  There is also no indication that TDOT has sought to act in any way with respect to the Crossroad Ford sign, thus raising questions as to the ripeness of such a request.  Further, it is not clear that issues raised in a Response rather than by motion would be properly considered by a Magistrate Judge on referral.  *See* 28 U.S.C. § 636(b)(1)(A) (discussing the referral of "motion[s].")   Accordingly, this Report and Recommendation has not addressed this question.

[9] This Report and Recommendation does not express any views or make any recommendations relating to the constitutionality of the Outdoor Advertising Control Act, as this question was not raised in Defendant's Motion to Dissolve the Permanent Injunction.