IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MICHAEL COLLINS, Chapter 11 Trustee,<br><br>    Plaintiff,<br><br>v.<br><br>CLAY BRIGHT, Commissioner of the Tennessee Department of Transportation in his official capacity,<br><br>    Defendant. | Case No. 2:13-cv-02987-JPM-cgc |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION FOR DISSOLVING THE PERMANENT INJUNCTION**

Before the Court is the Report and Recommendation filed by U.S. Magistrate Judge Charmiane G. Claxton on October 12, 2021 (ECF No. 481) with respect to Defendant's Motion to Dissolve the Permanent Injunction on the Crossroads Ford Sign, or, in the Alternative, for Clarification as to the Scope and Extent of the Permanent Injunction in the Event of a Sale of the Crossroads Ford Sign (ECF No. 477). The Magistrate Judge submits that Defendant's Motion should be granted. (ECF No. 481 at PageID 8629.) The Magistrate Judge recommends "that dissolution of the injunction is appropriate pursuant to Rule 60(b) of the Federal Rules of Civil Procedure." (Id. at PageID 8637.) For the reasons discussed below, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety.

I.    PROCEDURAL AND FACTUAL BACKGROUND

On October 6, 2017, the Court issued a Judgment enjoining "the State of Tennessee and its agents . . . from removing or seeking removal of Plaintiff William H. Thomas, Jr.'s Crossroads Ford sign **pursuant to the Billboard Regulation and Control Act of 1972** ("Billboard Act"), Tennessee Code Annotated §§ 54-21-101, et seq." (ECF No. 377.) (emphasis added.)  This Judgment came after the Court's Order Finding Billboard Act an Unconstitutional, Content-Based Regulation of Speech, filed on March 31, 2017, and the Court's Order Denying Motion for Reconsideration and Order Concerning Remedies, filed on September 20, 2017.  (ECF Nos. 356, 374.)  This Court's constitutionality ruling was then upheld by the Sixth Circuit.  Thomas v. Bright, 937 F.3d 721 (2019), cert. denied, 141 S. Ct. 194 (2020).

William H. Thomas, Jr. ("Mr. Thomas") was the original plaintiff in this action.  Mr. Thomas later filed for bankruptcy, and the Court granted a motion to substitute Michael E. Collins (Mr. Collins), the Chapter 11 Trustee of Mr. Thomas as the plaintiff.  (ECF No. 469.) Mr. Thomas passed away on February 7, 2021.  (ECF No. 475.)

On April 19, 2021, Defendant filed a Motion to Dissolve the Permanent Injunction on the Crossroads Ford Sign or, in the Alternative, for Clarification as to the Scope and Extent of the Permanent Injunction in the Event of a Sale of the Crossroads Ford Sign.  (ECF No. 477.) Plaintiff filed a Response in Opposition on May 3, 2021.  (ECF No. 478.)  The Motion was referred to the Magistrate Judge on August 6, 2021.  (ECF No. 480.)  The Magistrate Judge's Report and Recommendation, which recommended granting the Motion, were filed on October 12, 2021.  (ECF No. 481.)  Plaintiff filed objections to the Report and Recommendation on October 26, 2021.  (ECF No. 482.)  Defendant filed a Response to Plaintiff's objections on

October 26, 2021.  (ECF No. 483.)  Defendant then filed a Supplement to that Response on November 1, 2021.  (ECF No. 484.)

## II.     LEGAL STANDARD

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2).  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee note.

When a timely objection has been filed, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).  The portions of a magistrate judge's recommendation as to which no specific objections were filed are reviewed for clear error.  See Fed. R. Civ. P. 72(b) advisory committee note; Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) (noting that when a party makes a general objection, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless"). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object."  Howard, 932 F.2d at 509.  Moreover, the "failure to properly file objections constitutes a waiver of appeal."  See id. at 508 (citing United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

## III.    ANALYSIS

The Court reviews de novo the portions of the Report and Recommendation to which Plaintiff objects.  The Court reviews the remainder of the Report and Recommendation for clear error.  Fed. R. Civ. P. 72(b)(3).

Plaintiff has three objections to the Report and Recommendation: (1) that the enactment of the Outdoor Advertising Control Act does not moot the permanent injunction, (2) that the permanent injunction is an asset of the bankruptcy estate and thus protected by the automatic stay, and (3) that even if the permanent injunction is dissolved, the change to the permanent injunction does not alter the Court's determination that the Billboard Act was unconstitutional. (ECF No. 482 at PageID 8644–47.)

### A. The Enactment of the Outdoor Advertising Control Act

Plaintiff contends that "[t]he enactment of the Outdoor Advertising and [*sic*] Control Act does not moot or establish a basis for the dissolution of the permanent injunction." (Id. at PageID 8644.) In Defendant's initial Motion to Dissolve, he states, "The permanent injunction specifically enjoins [the Tennessee Department of Transportation, ("TDOT")] '. . . from removing or seeking removal of Plaintiff Willliam H. Thomas, Jr.'s sign pursuant to the Billboard Regulation and Control Act of 1972 . . .'" (ECF No. 477-1 at PageID 8578.) Defendant contends that "the provisions for content-based regulation of speech in the Billboard Act that this court found unconstitutional as applied to non-commercial speech . . . have been amended and replaced by content-neutral provisions in the Outdoor Advertising Control Act of 2020." (Id. at PageID 8578–79.) As a result, Defendant contends that the issues in this case are now moot, and the permanent injunction should be dissolved. (Id. at PageID 8579–80.)

In response, Plaintiff contends that the Outdoor Advertising Control Act does not moot the permanent injunction because "[b]ut for the 1972 Billboard Act, the Crossroads Ford Sign could exist, that is the *raison d´etre* for the permanent injunction." (ECF No. 478 at PageID 8594.) As a result, Plaintiff contends that "if TDOT seeks to remove the Crossroads Ford sign as non-conforming under the 2020 Billboard Act, it must provide just compensation to the

4

Bankruptcy Estate under the takings clause of the Constitution." (Id.) In support of his argument that the change in law fails to moot the injunction, Plaintiff asserts that one of the exceptions to a repeal of a law mooting an injunction "is when a party has a vested right established by the unconstitutionality of the statute." (Id. at PageID 8594–95.) (citing Crown Media, LLC v. Gwinnett Cty., Ga., 380 F.3d 1317, 1328 (11th Cir. 2004); Nat'l Advert. Co. v. Town of Babylon, 900 F.2d 551, 554 n.2 (2d Cir. 1990).)

> In the Sixth Circuit, permanent injunctions should be dissolved when:
>
> [T]hey no longer meet the requirements of equity. The law changes and clarifies itself over time. Neither the doctrine of *res judicata* or waiver nor a proper respect for previously entered judgments requires that old injunctions remain in effect when the old law on which they were based has changed.

Déjà Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cty., 466 F.3d 391, 395 (6th Cir. 2006) (quoting Sweeton v. Brown, 26 F.3d 1162, 1166–67 (6th Cir. 1994)).

Additionally, because there is no controlling Sixth Circuit authority that recognizes Plaintiff's asserted exception to dissolving an injunction when the law on which it was based has changed, the Court will not create such an exception here. The permanent injunction enjoined removal of the "Crossroads Ford sign pursuant to the Billboard Regulation and Control Act of 1972" (ECF No. 377), and it is undisputed that the portions of that law the Court found unconstitutional are no longer in effect pursuant to the Outdoor Advertising Control Act of 2020 (see ECF No. 477-1 at PageID 8579; ECF No. 478 at PageID 8594). As a result, the permanent injunction, which enjoins TDOT from removing the sign pursuant to a law that has since been replaced, is **DISSOLVED AS MOOT**.

### B. The Effect of the Automatic Stay on this Motion

Plaintiff also objects to the Magistrate Judge's Report and Recommendation because "[t]he filing of the Dissolution Motion constitutes a violation of the automatic stay protecting

5

property of the Bankruptcy Estate." (ECF No. 482 at PageID 8646.) In his response to Defendant's Motion, Plaintiff contends that "[t]he permanent injunction and the Crossroads Ford sign are both property of the Bankruptcy Estate that are shielded by the automatic stay." (ECF No. 478 at PageID 8601.) In Defendant's Supplemental Response to Plaintiff's Objections to the Report and Recommendation, Defendant contends that, based on Tennessee law, the permanent injunction was not a property interest of Mr. Thomas or subsequently, the Bankruptcy Estate, because it "was designed not to protect a sign, but to protect the First Amendment rights of the deceased." (ECF No. 484 at PageID 8662.) As a result, Defendant contends, this permanent injunction is not property of the Bankruptcy Estate and thus not subject to the automatic stay. (Id. at PageID 8659.)

A bankruptcy estate is comprised of "all legal or equitable interests of the debtor **in property** as of the commencement of the case." 11 U.S.C. § 541(a) (emphasis added). The Court's permanent injunction was to protect Mr. Thomas's First Amendment rights in freedom of speech, not to protect his property interests in the billboard itself. (See ECF No. 374 at PageID 7208–10.) Because the permanent injunction did not implicate Mr. Thomas's property interests, a dissolution of the permanent injunction does not violate the automatic stay.

### C. The Unconstitutionality of the Billboard Act

Plaintiff's final objection to the Report and Recommendation is that "any change [such as this dissolution] should confirm the *res judicata* character of this Court's determination of the unconstitutionality of the Billboard Act remains in effect." (ECF No. 482 at PageID 8647.) Neither the Defendant's Motion to Dissolve nor the Report and Recommendation of the Magistrate Judge, however, indicates that the Court's determination of the Billboard Act's constitutionality would be or should be overturned by the dissolution of the injunction. (See

6

generally ECF Nos. 477-1, 481.) Dissolving the permanent injunction because it is now moot does not change the Court's holding that the Billboard Act was unconstitutional. As such, this objection does not affect or alter the conclusions of the Magistrate Judge and is overruled as moot.

## IV.     Conclusion

After a de novo review of the portions of the Report and Recommendation to which Plaintiff objects and the record related thereto, the Court has reached the same conclusions as the Magistrate Judge. Plaintiff's objections are overruled. Upon review of the remainder of the Magistrate Judge's Report and Recommendation, the Court has not identified any clear error and concurs with the Magistrate Judge's findings. The Report and Recommendation is, therefore, **ADOPTED** in full. Defendant's Motion to Dissolve the Permanent Injunction on the Crossroads Ford Sign (ECF No. 477) is **GRANTED**.

**SO ORDERED**, this 9th day of November, 2021.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE